J-S48034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL JOSEPH EVANICSKO, | : | |
| | : | |
| Appellant | : | No. 1975 WDA 2015 |

Appeal from the Judgment of Sentence November 6, 2015
in the Court of Common Pleas of Somerset County,
Criminal Division, No(s):  CP-56-CR-0000792-2012

BEFORE:  BOWES, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 31, 2016**

Michael Joseph Evanicsko ("Evanicsko") appeals from the judgment of sentence imposed upon resentencing.  We affirm.

In February 2013, Evanicsko pled guilty to attempt to acquire or obtain a controlled substance by misrepresentation.[1]  In May 2014, the trial court sentenced Evanicsko to serve four to eight years in prison.  Notably, the court ordered this sentence to run *concurrently* with any other sentence that Evanicsko was then serving.[2]  Evanicsko did not file a direct appeal.

In February 2014, Evanicsko filed a *pro se* PCRA Petition, and later, an Amended PCRA Petition.  Evanicsko alleged, *inter alia*, that he had been advised by the Pennsylvania Department of Corrections that, pursuant to 61

---

[1] 18 Pa.C.S.A. § 901(a); 35 P.S. § 780-113(a)(12).

[2] At the time of sentencing, Evanicsko was serving a sentence, imposed in March 2009 in Cambria County, of one to seven years in prison.  Importantly to the instant appeal, this sentence concerned the revocation of his parole from a state correctional institution.

Pa.C.S.A. § 6138 (governing convicted parole violators),[3] it could not honor the trial court's Order that his sentence run concurrently with any other sentence, since the prior sentence that he was then serving stemmed from the revocation of his state parole. The PCRA court conceded that section 6138 mandates that Evanicsko must serve his new sentence *consecutively* to his parole revocation sentence. Nevertheless, the PCRA court rejected Evanicsko's claim of an illegal sentence, essentially determining that the sentencing court's stated desire for the sentences to run concurrently is of no significance given the mandate of section 6138(a)(5)(i). On this basis, the PCRA court denied Evanicsko's PCRA Petition.

---

[3] Section 6138 provides, in relevant part, as follows:

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or *nolo contendere* at any time thereafter in a court of record, may[,] at the discretion of the board[,] be recommitted as a parole violator.

* * *

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court *shall precede the commencement of the new term* imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(a)(1), (a)(5)(i) (emphasis added).

Evanicsko appealed the denial of his PCRA Petition. This Court vacated the PCRA court's Order, and remanded with instructions to make a factual finding. We stated that, under the plain language of section 6138, "if [Evanicsko] was paroled from a state correctional institution and his new sentence must be served in a state correctional institution, then the portion of his new sentence requiring him to serve his new sentence concurrently with his state parole sentence is illegal." *Commonwealth v. Evanicsko*, 125 A.3d 454 (Pa. Super. 2015) (unpublished memorandum at 12); *see also Commonwealth v. Berry*, 877 A.2d 479, 483 (Pa. Super. 2005) (*en banc*) (stating that "a sentence is illegal where a statute bars the court from imposing that sentence.").

On remand, the trial court (1) confirmed that Evanicsko was, in fact, serving a state parole revocation sentence at the time of sentencing in the instant case; and (2) conceded that the sentencing court thus erred by not sentencing Evanicsko to a consecutive sentence under section 6138(a)(5)(i). Accordingly, on November 6, 2015, Evanicsko was sentenced to three to eight years in prison, to be served *consecutively* to the sentence

he was then serving.[4]   On that same date, the trial court issued a Memorandum explaining its reasoning.  Evanicsko timely filed a Notice of Appeal.  In response, the trial court ordered Evanicsko to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Evanicsko timely filed a Concise Statement.  Thereafter, the court issued a Statement pursuant to Rule 1925(a), relying upon the rationale set forth in its November 6, 2015 Memorandum in rejecting Evanicsko's allegations of error.

Evanicsko now presents the following questions for our review:

1. Whether changing [Evanicsko's] sentence from concurrent to consecutive resulted in an increase in his aggregate sentence?

2. Whether the court below failed to rebut the presumption of vindictiveness that arose when it increased [Evanicsko's] aggregate sentence?

3. Whether it was reversible error for the court below to increase [Evanicsko's] aggregate sentence[,] absent some new, legitimate sentencing concern?

4. Whether the Superior Court should amend [Evanicsko's] sentence directly rather than remand the case to the trial court again for resentencing?

---

[4] The minimum sentence the court imposed on resentencing was one year less than the sentence that Evanicsko had initially received.  However, the maximum aggregate sentence (including Evanicsko's "hanging" parole revocation time) increased, due to the consecutive nature of the sentence, from 8 years to 15 years in prison.

Brief for Appellant at 4.[5]  We will address Evanicsko's claims together, as they are related.

Evanicsko argues that the trial court, on resentencing, improperly attempted to remedy its prior error at the original sentencing hearing "by simply changing [Evanicsko's] original[,] concurrent sentence to a consecutive one[,] without considering how this change would dramatically increase the length of the aggregate sentence." *Id.* at 9; *see also id.* at 8 (stating that the original, "concurrent sentence ordered by the court – if not prohibited by statute – would have increased the maximum [aggregate] term of [Evanicsko's] imprisonment no more than 12 months."). Evanicsko contends that "under *North Carolina v. Pearce*[, 395 U.S. 711 (1969),] and its progeny, the sentencing court may not increase the aggregate sentence upon resentencing absent some new, legitimate sentencing concern. The court [in the instant case] offered no lawful justification for increasing [Evanicsko's] sentence on resentencing." Brief for Appellant at 11.

This Court has explained the ruling in *Pearce* as follows:

> In *Pearce*, the United States Supreme Court recognized the possibility that a trial court's imposition of an enhanced sentence after retrial may be motivated by reasons personal to the judge, including vindictiveness toward the defendant for having secured relief from the original sentence on appeal. *See*

---

[5] We observe that Evanicsko phrased these issues differently in his court-ordered Pa.R.A.P. 1925(b) Concise Statement, stating them as a single issue. Nevertheless, we will overlook this defect, and decline to find waiver.

> *Pearce*, 395 U.S. at 725.  Finding such motivation inimical to due process, the Court held specifically that:
>
>> In order to assure the absence of such a motivation, … whenever a judge imposes a more severe sentence upon a defendant after a new trial,[6] the reasons for his doing so must affirmatively appear.  Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.
>
> *Id.* at 726.
>
> Clarifying this holding in subsequent decisions, the Court recognized that "[i]n sum, [*Pearce*] applied a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." *U.S. v. Goodwin*, 457 U.S. 368, 374, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982).

*Commonwealth v. Tapp*, 997 A.2d 1201, 1203-04 (Pa. Super. 2010) (footnote added).

In the instant case, Evanicsko argues that the trial court offered no reasons at resentencing for the increased aggregate sentence to rebut the presumption of vindictiveness, and the sentence thus runs afoul of *Pearce*. *See* Brief for Appellant at 9-10; *see also id.* at 14 (wherein Evanicsko urges this panel to vacate his allegedly illegal sentence and directly amend his sentence in such a fashion that the new, maximum aggregate sentence does not exceed the original aggregate sentence).

---

[6] While *Pearce* dealt with an increased sentence following the grant of a new trial, this Court has held that the same rationale applies where the original sentence is vacated and the case is remanded for resentencing to correct an illegal sentence. *See Commonwealth v. Hermankevich*, 286 A.2d 644, 646 (Pa. Super. 1971).

Initially, we must address whether Evanicsko properly preserved his claim for our review. Specifically, we must determine whether the claim implicates the legality of Evanicsko's sentence (and is, therefore, non-waivable[7]) or the discretionary aspects of the sentence. This Court has explained the difference between these two types of claims, insofar as issue preservation is concerned, as follows:

> Criminal defendants do not have the automatic right to challenge the discretionary aspects of their sentence. Rather, they must seek permission. Pa.R.A.P. 2119(f)[.] If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim. In contrast, a defendant need not include within his Rule 2119(f) statement any challenges to the legality of the sentence.

***Commonwealth v. Robinson***, 931 A.2d 15, 19 (Pa. Super. 2007) (*en banc*) (case law citations and paragraph break omitted).

In ***Robinson***, the Court observed that "the term 'illegal sentence' is a term of art that our Courts apply narrowly, to a relatively small class of cases[,]" and "the mere fact that a rule or statute may govern or limit the trial court's exercise of discretion in sentencing does not necessarily convert the claim into one involving the legality of the sentence." ***Id.*** at 21 (citation omitted). The ***Robinson*** Court held that a claim of judicial vindictiveness under ***Pearce*** is a challenge to the discretionary aspects of the sentence,

---

[7] ***See Commonwealth v. Milhomme***, 35 A.3d 1219, 1221 (Pa. Super. 2011) (stating that a challenge to the legality of sentence is non-waivable).

and not a non-waivable challenge to the legality of sentence.[8]  *Id.* at 22; *see also Tapp*, 997 A.2d at 1202-03 (stating that "challenges to the length of the sentence following retrial citing judicial vindictiveness implicate a discretionary aspect of the sentencing process.").

Here, the Commonwealth argues that Evanicsko's claim is a challenge to the resentencing court's discretion, and is waived based on Evanicsko's failure to include a Pa.R.A.P. 2119(f) statement in his brief.[9] Commonwealth's Brief at 2; *see also Robinson*, *supra*.  To the contrary, Evanicsko asserts that his claim implicates the legality of his sentence on resentencing, pointing to the decision of a panel of this Court in *Commonwealth v. Johnson*, 860 A.2d 146, 149 (Pa. Super. 2004) (stating that "[a] claim that a court increased the punishment for a crime upon resentencing implicates the Due Process Clause of the Fourteenth Amendment as interpreted in … *Pearce* …, and is regarded as an attack on the legality of the sentence.").  Brief for Appellant at 9.

The *en banc* Court in *Robinson* expressly disapproved of the above-mentioned holding in *Johnson*.  *See Robinson*, 931 A.2d at 22; *see also*

---

[8] The *Robinson* Court stated that the appellant "is not arguing that the trial court lacked the legal authority/jurisdiction to impose a sentence of that length or type.  Instead, [he] is essentially claiming that the court exercised its discretion in a way that is harsh, unreasonable, and motivated by impermissible factors such as personal animus or revenge.  These are the very hallmarks of a claim that implicates the discretionary aspects of a sentence."  *Robinson*, 931 A.2d at 21.

[9] The Commonwealth objected to Evanicsko's failure to include a Rule 2119(f) statement in his brief.  Commonwealth's Brief at 2.

- 8 -

*Commonwealth v. Jacobs*, 900 A.2d 368, 377 n.9 (Pa. Super. 2006) (*en banc*) (stating that this Court sitting *en banc* may overrule the decision of a three-judge panel of this Court). Accordingly, Evanicsko waived his issues on appeal, challenging the discretionary aspects of his sentence, by failing to raise them in a Pa.R.A.P. 2119(f) statement. **See Robinson**, **supra**.[10]

Nevertheless, even if Evanicsko's issues were not waived, he is not entitled to relief. The "presumption of vindictiveness," discussed in **Pearce** and its progeny, is inapplicable here, as the trial court was *required*, by statute, to fashion a sentence on resentencing that ran consecutively to his state parole sentence. In other words, the trial court's resentencing of Evanicsko, which necessarily resulted in an increase of his aggregate maximum sentence, was not a "vindictive" choice within the discretion of the court; rather, it was the statutorily-mandated result.

Judgment of sentence affirmed.

---

[10] Additionally, the Commonwealth correctly points out that Evanicsko did not raise his claims at the resentencing hearing or in a post-sentence motion. Commonwealth's Brief at 2 (citing **Commonwealth v. Foster**, 960 A.2d 160, 163 (Pa. Super. 2008) (stating that "[c]laims relating to the discretionary aspects of a sentence are waived if not raised either at sentencing or in a post-sentence motion.")). Accordingly, Evanicsko's claims are waived on this basis as well.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2016