**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Sean Eugene TAPP, Appellant.**

Superior Court of Pennsylvania.

Argued April 6, 2010.
Filed June 18, 2010.

Christopher P. Lyden, Lancaster, for appellant.

Robert Smulktis, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

BEFORE: BENDER, PANELLA and LAZARUS, JJ.

OPINION BY BENDER, J:

¶ 1 Sean Eugene Tapp appeals the judgment of sentence imposed following his conviction on retrial of Possession With Intent to Deliver, 35 P.S. § 780–113(a)(30). The sentencing judge imposed a term of incarceration double that imposed after the first trial, consigning Tapp to the statutory maximum sentence of ten to twenty years. Tapp now contends that the sentence imposed was presumptively vindictive pursuant to *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and argues that the trial court failed to provide an adequate explanation for the sentence imposed, thus violating the holding in *Pearce*. We find Tapp's contention without merit. Accordingly, we affirm his judgment of sentence.

¶ 2 Tapp was arrested by the Lancaster Police after officers observed him near the address of a homicide suspect the officers were attempting to apprehend. Upon seeing the officers, Tapp fled. Because Tapp's appearance matched that of the homicide suspect, the officers gave chase, prompting Tapp to discard various items of contraband as he ran, including a satellite radio receiver and a sandwich bag containing 169 individual packets of crack cocaine. After subduing Tapp and searching his person, the officer discovered $1866 in cash, mostly in twenty dollar denominations. Later analysis revealed the total weight of the cocaine to be 24.7 grams.

¶ 3 In June 2007, Tapp's case proceeded to a first trial before the Honorable Michael A. Georgelis. Prior to trial, Tapp requested that the court allow him to pro-

ceed without the assistance of appointed counsel. Following the requisite colloquy, Judge Georgelis determined that Tapp in fact wished to waive his constitutional right to counsel and allowed the trial to proceed with Tapp acting *pro se*. After the jury returned a guilty verdict, Judge Georgelis ordered a pre-sentence investigation and, relying on the resulting report, imposed a sentence of five to ten years' incarceration. Thereafter, Tapp appealed to this Court, asserting that the colloquy the trial court administered to determine his waiver of the right to counsel was constitutionally deficient. A panel of this Court concurred in Tapp's assessment, vacated his judgment of sentence, and remanded the case for retrial.

¶ 4 In July 2009, Tapp's case proceeded to a second trial, this time before the Honorable Dennis E. Reinaker. Tapp proceeded with stand-by counsel and the Commonwealth introduced substantially the same evidence as at the previous trial. Again the jury found Tapp guilty and, relying on the pre-sentence report prepared after the first trial, Judge Reinaker imposed a new sentence of ten to twenty years' incarceration—twice the duration of the sentence previously imposed by Judge Georgelis. Tapp filed a post-sentence motion challenging the length of his sentence, which Judge Reinaker denied, prompting Tapp to file the appeal now before us.

¶ 5 Tapp states the question for resolution as follows:

DID THE LOWER COURT ERR BY IMPOSING A SENTENCE AFTER APPELLANT'S RETRIAL THAT WAS TWICE AS SEVERE AS THE SENTENCE IMPOSED AFTER APPELLANT'S INITIAL TRIAL?

Brief for Appellant at 4.

¶ 6 This Court has held that challenges to the length of the sentence following retrial citing judicial vindictiveness impli-

cate a discretionary aspect of the sentencing process. *See Commonwealth v. Robinson*, 931 A.2d 15, 20 (Pa.Super.2007). Accordingly, Tapp's right to appellate review is not absolute. *See Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005); *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa.Super.2007) ("A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal[.]"). The Rules of Appellate Procedure mandate that to obtain review of such claims, the appellant must include in his brief a Concise Statement of Reasons Relied Upon for Allowance of Appeal. *See id.; see also* Pa. R.A.P. 2119(f). The defendant's Concise Statement must, in turn, raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a "fundamental norm" of the sentencing process. *See Fiascki*, 886 A.2d at 263; *Commonwealth v. Ousley*, 392 Pa.Super. 549, 573 A.2d 599, 601 (1990) (citations and internal quotation marks omitted) ("[A]ppeals from the discretionary aspects of sentence are not to be granted as a matter of course, but ... only in exceptional circumstances where it can be shown in the 2119(f) statement that despite the multitude of factors impinging on the sentencing decisions, the sentence imposed contravenes the sentencing code.") The determination of whether a particular issue poses a substantial question is to be made on a case-by-case basis. *See Fiascki*, 886 A.2d at 263. If the Rule 2119(f) statement is absent or if the statement provided fails to demonstrate a substantial question, this Court may refuse to accept the appeal. *See id.*

¶ 7 In this case, Tapp has included a Rule 2119(f) statement that articulates the basis on which he seeks appellate review, alleging judicial vindictiveness in sentencing following retrial in violation of the holding in *Pearce*. Brief for Appellant at

7. This Court has recognized that such claims constitute a substantial question mandating appellate review. *See Robinson*, 931 A.2d at 20–21. Accordingly, we grant review of Tapp's claim and shall address the merits of his argument.

¶ 8 Tapp contends that because the sentence imposed by Judge Reinaker after retrial is double that imposed by Judge Georgelis initially, the sentence is presumptively vindictive and cannot be sustained unless the Commonwealth demonstrates that Judge Reinaker based the enhanced sentence on "events subsequent to the first trial that [throw] new light upon the defendant's life, health, habits, conduct and mental or moral propensities." Brief for Appellant at 9 (quoting *Pearce*, 395 U.S. at 722–23, 89 S.Ct. 2072). Tapp argues further that an enhanced sentence may not be based on events or conduct that occurred prior to imposition of the original sentence but must instead be based on "new information that came to light after the retrial." *Id.* at 10. We find Tapp's argument unavailing as a presumption of vindictiveness does not arise on the facts of this case.

¶ 9 In *Pearce*, the United States Supreme Court recognized the possibility that a trial court's imposition of an enhanced sentence after retrial may be motivated· by reasons personal to the judge, including vindictiveness toward the defendant for having secured relief from the original sentence on appeal. *See Pearce*, 395 U.S. at 725, 89 S.Ct. 2072. Finding such motivation inimical to due process, the Court held specifically that:

In order to assure the absence of such a motivation, ... whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifi-

able conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

*Id.* at 726, 89 S.Ct. 2072.

¶ 10 Clarifying this holding in subsequent decisions, the Court recognized that "[i]n sum, [*Pearce* ] applied a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." *U.S. v. Goodwin,* 457 U.S. 368, 374, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). *See also Wasman v. U.S.,* 468 U.S. 559, 565, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). The Court has recognized as well, however, that:

> The *Pearce* requirements ... do not apply in every case where a convicted defendant receives a higher sentence on retrial. Like other "judicially created means of effectuating the rights secured by the [Constitution]," *Stone v. Powell,* 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976), we have restricted application of *Pearce* to areas where its "objectives are thought most efficaciously served," 428 U.S. at 487, 96 S.Ct. at 3049. Accordingly, in each case, we look to the need, under the circumstances, to "guard against vindictiveness in the resentencing process." *Chaffin v. Stynchcombe,* 412 U.S. 17, 25, 93 S.Ct. 1977, 1982, 36 L.Ed.2d 714 (1973) (emphasis omitted).

*Texas v. McCullough,* 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).

¶ 11 Consistent with that objective, the high Court determined in *McCullough* that the presumption of vindictiveness could not be applied where the enhanced sentence imposed after retrial was decided by a sentencing authority different from the one that imposed the earlier sentence. *See id.* at 138–39, 106 S.Ct. 976. *See also*

*Chaffin v. Stynchcombe,* 412 U.S. 17, 27, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (determining that the defendant was not entitled to a presumption of vindictiveness in a jurisdiction where the jury imposed sentence and the composition of the sentencing jury differed between trials). The Court's analysis reflects its recognition that where the sentencer is not the same in the two proceedings, the sentencer imposing the second sentence has "no personal stake in the prior conviction and no motivation to engage in self-vindication[,]" rendering the threat of vindictiveness far more speculative than real. *McCullough,* 475 U.S. at 139, 106 S.Ct. 976 (quoting *Chaffin,* 412 U.S. at 27, 93 S.Ct. 1977).

¶ 12 Moreover, the Court noted that the discretion afforded in sentencing effectively eliminated the chance of a sentence "increase," as the second sentencer assumes the full measure of discretion otherwise applied in the first sentence: "[I]t may often be that the [second sentencer] will impose a punishment more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a [new] trial than that the [first sentencer] imposed a lenient penalty." *McCullough,* 475 U.S. at 140, 106 S.Ct. 976 (quoting *Colten v. Kentucky,* 407 U.S. 104, 117, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972)). Consequently, the Court in *McCullough* found no basis for application of the presumption to the defendant's sentence on retrial, as the second sentence had been imposed by a judge, while the first had been determined by a jury.[1] Significantly, the Court in *McCullough* reached its holding even though the trial judge, as the sentencing authority on retrial, had conducted the first trial, was

---

1. At the time of the defendant's trials in *McCullough,* Texas law allowed a criminal defendant to opt for sentencing either by a judge or by a jury. *See McCullough,* 475 U.S. at 135–36, 106 S.Ct. 976. At his first trial, McCullough had opted to be sentenced by the jury, while at his second trial, he had chosen to be sentenced by the judge. *Id.*

fully aware of the sentence the jury had imposed, and was then constrained to preside at a second trial. *Id.* at 140, 106 S.Ct. 976.

¶ 13 In Pennsylvania, this Court recognized the dispositive role of a different sentencer after retrial in *Commonwealth v. Mikesell*, 371 Pa.Super. 209, 537 A.2d 1372, 1380–81 (1988), *overruled on other grounds by Robinson*, 931 A.2d at 20, ("The *Pearce* requirements thus do not apply in every case where a convicted defendant receives a higher sentence on retrial.... The presumption [of vindictiveness] is also inapplicable because different sentencers assessed the varying sentences that McCullough received. In such circumstances, a sentence "increase" cannot truly be said to have taken place."). In *Mikesell*, however, the Court reached its holding on the basis of sentences imposed by two different judges, recognizing implicitly, that under such circumstances, vindictiveness in sentencing is no more likely than it had been in *McCullough*. The Court recognized further that [i]n the absence of a presumption of vindictiveness, "the defendant must affirmatively prove actual vindictiveness." *Mikesell*, 537 A.2d at 1380 (quoting *Wasman*, 468 U.S. at 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984)). Because the defendant had made no attempt to prove vindictiveness by affirmative evidence, the Court determined that the trial court had not infringed his right to due process and he was not entitled to be resentenced. *See id.* at 1381.

¶ 14 We reaffirm *Mikesell's* holding on this issue. Where, as here, the defendant is sentenced on retrial by a judge different from the one who imposed sentence after the first trial, the presumption of vindictiveness established by *Pearce* does not apply. *See McCullough, supra.* Although the defendant may seek to establish vindictiveness by affirmative evidence, he must bear the burdens of production and per-

suasion on that issue and prove vindictiveness as a matter of fact. Where, as here, he has failed to adduce any evidence on that issue, his claim must necessarily fail.

¶ 15 For the foregoing reasons, we find Tapp's claim without merit and we affirm his judgment of sentence.

¶ 16 Judgment of sentence **AFFIRMED.**