**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3117
_____

SEAN TAPP,

Appellant

v.

DANNY BRAZILL; ANDY PROTO; LANCASTER COUNTY PRISON;
SGT. JACOBS; C/O L. GRIER; C/O MILLER; NURSE CARRIE MEDINA;
C/O CANNEFIELD; C/O MARIN; SGT. R. WOLFFE; LANCASTER COUNTY
PRISON MED. DEPT.; WARDEN GUARDEENI; ROBERT SAMASKO; DR. YUNG;
C/O RODER; C/O HERSH; RN VAL B., Medical Staff; RN LAURIE HOSTEDER;
THE CITY OF LANCASTER COUNTY; C/O B. JOHNSON, #27
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:11-cv-00677)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2016
Before: FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 24, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

PER CURIAM

Pro se appellant Sean Tapp challenges three orders entered by the District Court in his civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1985.  For the reasons that follow, we will affirm each of those orders.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly.  The allegations in this case concern the time period from January 2009 to August 2009, when Tapp was incarcerated in the Lancaster County Prison ("LCP").  During the majority of that time period, Tapp was a pretrial detainee.[1]

In January 2011, Tapp filed a pro se complaint in the District Court against twenty defendants, raising a host of claims.  Five of the defendants provided medical services to LCP; we refer to those defendants as the "Medical Defendants."  Another group of defendants — the "LCP Defendants" — consisted of LCP itself and twelve LCP prison officers/officials.  The remaining two defendants were the "City of Lancaster County" (it appears from Tapp's complaint that he intended to sue the City of Lancaster, not Lancaster County) and Andy Proto, who was employed by Aramark Correctional Services, LLC, as a general manager of food services at LCP.

---

[1] In July 2009, Tapp was convicted in Pennsylvania state court of possession with intent to deliver a controlled substance.  See Commonwealth v. Tapp, 997 A.2d 1201, 1202 (Pa. Super. Ct. 2010).  He is currently incarcerated in one of Pennsylvania's state correctional institutions.

2

Shortly after the complaint was served, the Medical Defendants moved to dismiss the claims against them for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On December 13, 2011, the District Court granted that motion.

In September 2012, Tapp successfully moved for a default judgment against Proto, who had yet to respond to the complaint. However, in December 2013, Proto moved to vacate that judgment. Proto averred that he had not worked at LCP since April 2010, and that an LCP corrections officer had accepted service on his behalf without his or Aramark's permission. Proto further averred that he himself did not learn of the default judgment until September 2013. On January 28, 2014, the District Court entered an order granting Proto's motion. Shortly thereafter, Proto moved to dismiss the claims against him pursuant to Rule 12(b)(6). On June 10, 2014, the District Court entered an order granting that motion to dismiss.

The claims against the LCP Defendants took a different course. The relevant parties conducted discovery and eventually filed cross motions for summary judgment. On June 10, 2014 (in a different order than the one involving the claims against Proto), the District Court granted the LCP Defendants' motion for summary judgment and denied Tapp's cross motion. In the same order, the District Court dismissed the claims against the City of Lancaster for lack of prosecution and directed the District Court Clerk to close the case. This timely appeal followed.[2]

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

II.

We begin by outlining the scope of our review. Federal Rule of Appellate Procedure 3(c) states, inter alia, that a notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). We liberally construe this requirement, see Pacitti v. Macy's, 193 F.3d 766, 776 (3d Cir. 1999), and "[w]e have held that when an appellant gives notice that he is appealing from a final order, failing to refer specifically to earlier orders disposing of other claims or other parties does not preclude us from reviewing those orders." Shea v. Smith, 966 F.2d 127, 129 (3d Cir. 1992). Indeed, we have exercised jurisdiction over orders not specified in the notice of appeal when "(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010) (quoting Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139, 144 (3d Cir. 1998)).

In this case, Tapp's notice of appeal specifically referred only to the District Court's final order — the June 10, 2014 order that, inter alia, granted the LCP Defendants' motion for summary judgment and closed the case.[3] However, his appellate

---

[3] Although Tapp's notice of appeal also alluded to the District Court's January 28, 2014 order granting Proto's motion to vacate the default judgment, Tapp has waived any challenge to that order. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in [his] opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (internal quotation marks omitted). Even if

4

brief also challenges the December 13, 2011 order dismissing the Medical Defendants and the June 10, 2014 order dismissing Proto. Given that (1) there is a connection between those two dismissal orders and the District Court's final order (the two dismissal orders could not be appealed until the final order was entered), (2) Tapp's intent to appeal the two dismissal orders is evident from his appellate brief, and (3) the relevant defendants have not been prejudiced and have had the opportunity to fully brief the issues that stem from the two dismissal orders, we conclude that we have jurisdiction to review those two orders (along with the District Court's final order). See Sulima, 602 F.3d at 184; see also Lusardi v. Xerox Corp., 975 F.2d 964, 972 n.14 (3d Cir. 1992) (citing cases where we have exercised jurisdiction under similar circumstances).

We review the District Court's dismissal of the Medical Defendants and Proto, as well as its decision to grant summary judgment in favor of the LCP Defendants, under a de novo standard. See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To withstand a Rule 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Meanwhile, summary judgment is appropriate when the "movant shows that there is no genuine dispute as to

we were to reach the merits of Tapp's challenge to that order, we would affirm because the District Court acted within its discretion in granting Proto's motion to vacate the default judgment. See Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 419-20 (3d Cir. 1987) (discussing factors to consider when reviewing a district court's decision to vacate a default judgment).

5

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc., 632 F.3d at 826 (internal quotation marks omitted). Lastly, we review for abuse of discretion the District Court's dismissal of the claims against the City of Lancaster for failure to prosecute. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 260 n.1 (3d Cir. 2011). We may affirm the District Court's decisions on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We begin our review with the District Court's dismissal of the claims against the Medical Defendants. These claims alleged, inter alia, that Tapp was intentionally misdiagnosed with Methicillin-resistant Staphylococcus aureus ("MRSA"), that he was not receiving his MRSA medication (this allegation is at odds with the previous allegation), and that Tapp was required to sign a form before receiving treatment for a boil on or near his armpit. The District Court concluded that Tapp's constitutional/federal claims failed to state a claim upon which relief can be granted. The District Court then declined to exercise supplemental jurisdiction over any state law claims against the Medical Defendants.

For substantially the reasons given by the District Court, we agree that Tapp's claims against the Medical Defendants were inadequate to proceed.[4] However, before dismissing claims under Rule 12(b)(6), a district court must give the plaintiff an opportunity to amend them, unless such amendment would be futile or inequitable. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, it does not appear that the District Court considered whether Tapp should be given an opportunity to amend. Nevertheless, remand is not necessary. Prior to appellate briefing, the Clerk of this Court directed Tapp and the Medical Defendants to address the leave-to-amend issue in their respective briefs. Although Tapp's brief contends that the District Court "fail[ed] to let [him] amend his claims," (Appellant's Br. 5), he does not expound on this contention. Indeed, even though more than four years have passed since the District Court dismissed the claims against the Medical Defendants, Tapp's brief does not allege *any* additional facts with respect to these claims, let alone facts that would state a claim under Rule 12(b)(6). Under these circumstances, we conclude that amendment of the claims against the Medical Defendants would be futile. Accordingly, we will affirm the District Court's dismissal of these claims.

---

[4] The District Court analyzed Tapp's inadequate medical care claims under the Eighth Amendment's "deliberate indifference" standard. See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (discussing that standard). Because it appears that Tapp's inadequate medical care claims arose while he was a pretrial detainee, those claims are governed by the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment. See id. at 581. That said, remand is not necessary because the Eighth Amendment's deliberate indifference standard applies equally to inadequate medical care claims brought by pretrial detainees under the Fourteenth Amendment. See id. at 581-82.

7

We next consider the District Court's dismissal of the claims against Proto. Tapp's complaint alleged that

> [o]n 1-30-09[,] plaintiff served notice on Mr. Andy Proto that he would like to be fed kosher meals in accordance with his religious beliefs. On 2-2-09[,] Mr. Proto responded back to plaintiff's request[,] informing him to either be a vegetarian or eat non[-]kosher regular population meals, if he wants to eat meat. This is religious discrimination[,] retaliation, cruel & unusual punishment & the conspiracy can be inferred from these overt acts. Also a 5th & 14th amendment violation[,] too.

(Suppl. App. at 41.) The District Court concluded that these allegations failed to state a claim under Rule 12(b)(6). The District Court stated, inter alia, that "a prison does not violate the Free Exercise Clause by offering an all-cold kosher diet which lacks meat," (Dist. Ct. Order entered June 10, 2014, at 2 n.1, located at Dist. Ct. docket no. 61 (citing Johnson v. Horn, 150 F.3d 276, 283 (3d Cir. 1998), overruled on other grounds by DeHart v. Horn, 227 F.3d 47, 55 (3d Cir. 2000) (en banc))), and that Tapp's complaint did not allege "that the vegetarian diet provided was non-kosher or nutritionally inadequate." (Id.)

For substantially the reasons given by the District Court, we agree that the claims against Proto in Tapp's complaint failed to satisfy Rule 12(b)(6). The question that remains is whether the District Court should have afforded Tapp leave to amend these claims. In Tapp's opposition to Proto's motion to dismiss, Tapp alleged, inter alia, that he was being served "non kosher regular population vegetarian meals," and that a "kosher vegan tray" offered to him by Proto was not kosher either. But Tapp did not allege facts

8

indicating why those meal offerings were not kosher. Furthermore, although the Clerk of this Court instructed Tapp to brief whether he should have been given leave to amend, his appellate brief does not provide any further insight into these claims. Under these circumstances, we conclude that amendment would be futile, and we will affirm the District Court's dismissal of the claims against Proto.

Next, we consider the District Court's decision to grant the LCP Defendants' motion for summary judgment. The District Court issued a 39-page opinion explaining why the many claims against these defendants lack merit. For substantially the reasons set forth in that opinion, we agree with the District Court that the claims discussed therein lack merit.[5] To the extent that Tapp's complaint intended to raise issues that were not specifically addressed in that opinion, we conclude that remand is not necessary because he has not articulated a claim that would survive summary judgment. Accordingly, we will affirm the District Court's grant of summary judgment in favor of the LCP Defendants.

Lastly, we review the District Court's dismissal of the claims against the City of Lancaster for failure to prosecute. As a general matter, before a district court enters such

---

[5] The District Court analyzed Tapp's failure-to-protect claim under the Eighth Amendment, employing the deliberate indifference standard. However, because it appears that the allegations undergirding this claim stem from Tapp's time as a pretrial detainee, the *Fourteenth* Amendment actually governed this claim. See Thomas v. Cumberland County, 749 F.3d 217, 223 n.4 (3d Cir. 2014). Nevertheless, the District Court's invocation of the Eighth Amendment was harmless because the deliberate indifference standard applies equally to failure-to-protect claims under the Fourteenth Amendment. See id.

a dismissal, that court must weigh the six factors set forth in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984). <u>See</u> <u>Knoll v. City of Allentown</u>, 707 F.3d 406, 409 (3d Cir. 2013). It does not appear that the District Court considered those factors in this case. Nevertheless, remand is not necessary because there was an alternative basis for dismissing the claims against the City of Lancaster. When, as here, the plaintiff proceeds in forma pauperis, the District Court may dismiss claims sua sponte if they fail to state a claim upon which relief may be granted and amendment would be inequitable or futile. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Grayson</u>, 293 F.3d at 108. We have examined the several claims brought against the City of Lancaster and conclude that dismissal under § 1915(e)(2)(B)(ii) was appropriate as to each of them.[6] Accordingly, we will affirm the District Court's dismissal of the City of Lancaster from this case.

In sum, we agree with the District Court's decision to dismiss the claims against the Medical Defendants, Proto, and the City of Lancaster. We also agree with the District Court's grant of summary judgment in favor of the LCP Defendants. As a result, we will affirm each of three District Court orders at issue here.

---

[6] Each of these claims was conclusory in nature and has remained undeveloped in the more than five years since Tapp filed his complaint.