J-S76030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERALD D. CROWLEY | |
| Appellant | No. 1984 EDA 2017 |

Appeal from the Judgment of Sentence imposed January 24, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0002903-2013

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 12, 2018**

Appellant, Gerald D. Crowley, appeals from the judgment of sentence imposed on January 24, 2017 by the Court of Common Pleas of Northampton County.[1] Appellant challenges the discretionary aspects of his sentence.  Upon review, we affirm.

We previously addressed the factual background of this case in connection with Appellant's first direct appeal.  ***See Commonwealth v. Crowley***, No. 2937 EDA 2015, unpublished memorandum at *1 (Pa. Super.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the order denying the "omnibus" post-sentence motion.  It is well established that in a criminal action an appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.  ***See***, ***e.g.***, ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001).  We have corrected the caption accordingly.

filed May 6, 2016). Procedurally, in connection with Appellant's first direct appeal, counsel filed a petition to withdraw pursuant to **Turner/Finley**.[2] We denied counsel's application noting that it was a direct appeal, not an appeal from a denial of PCRA relief. We also disagreed with counsel's conclusion that the appeal was frivolous. **Id.** at *3. Indeed, we found that Appellant had a meritorious discretionary aspects claim. Accordingly, we remanded to the trial court, directing counsel to file a concise statement of errors complained of on appeal. **Id.**

After counsel and the trial court complied with our order, the matter returned to us. On that occasion, Appellant raised several claims challenging the legality and the discretionary aspects of his sentence.[3] **See Commonwealth v. Crowley**, No. 2937 EDA 2015, unpublished memorandum at *4 (Pa. Super. filed October 19, 2016). Ultimately, we agreed with Appellant[4] that the trial court erred in calculating Appellant's sentencing guidelines range in connection with the possession with intent to

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The trial court sentenced Appellant to 60 to 120 months' incarceration on a possession of firearms conviction, and a concurrent term of imprisonment of 24 to 120 months for possession with intent to deliver.

[4] While we agreed with Appellant that the trial court miscalculated the sentencing guidelines, we noted that Appellant erroneously framed the issue as a legality issue, as opposed to a challenge to the discretionary aspects of the sentence. **See id.** at *4-*5, n.14.

deliver a controlled drug conviction.[5] ***Id.*** at \*7.  Accordingly, we vacated the judgment of sentence and remanded for resentencing on both the possession of a firearm by a prohibited person and PWID convictions.  ***Id.*** at \*9.

Following resentencing, Appellant filed the instant appeal.  Appellant argues the trial court abused its sentencing discretion by imposing the same aggregate sentence originally imposed.  To this end, Appellant claims the trial court abused its discretion by the imposition of consecutive sentences as opposed to concurrent sentences, as in the original sentencing scheme. Appellant also argues that the trial court abused its discretion in not weighing in his favor the mitigating factors addressed at the time of resentencing. Finally, Appellant argues that the trial court failed to provide on the record the reasons for the sentence.[6]

---

[5] The trial court used an offense gravity score of seven for his PWID conviction, whereas, based on the amount of drugs involved, it should have used an offense gravity score of five.  As Appellant's prior record score was five, this miscalculation changed Appellant's sentencing guidelines range from 12 to 18 months to 24 to 30 months.

[6] Appellant also mentions judicial vindictiveness in his 2119(f) statement and in the argument section.  Appellant suggests that "the sentence *appears* to be a product of *inferred* vindictiveness."  Appellant's Brief at 15 (emphasis added) (citing ***Commonwealth v Tapp***, 997 A.2d 1201 (Pa. Super. 2010)). Appellant provided no further explanation.  The claim, to the extent he raised it, is waived because he raised it for the first time on appeal, ***see*** Pa.R.A.P. 302(b), for failure to include it in the questions for our review, ***see*** Pa.R.A.P. 2116(b), and for failure to articulate an argument in support of this bare allegation, ***see*** Pa. R.A.P. 2119(a).  Even if we were to find it not waived, the claim would be, nonetheless, meritless because Appellant failed to "adduce any evidence on that issue."  ***Tapp***, 997 A.2d at 1205.  Based on the foregoing, we are therefore satisfied that the sentence imposed upon

Our standard of review for challenges to the discretionary aspects of a sentence is well settled. We apply an abuse of discretion standard. Additionally, because challenges to the discretionary aspects do not entitle an appellant to appellate review as of right, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **See Commonwealth v. Moury**, 992 A.2d 162, 169-70 (Pa. Super. 2010).

For purposes of our review, we accept that Appellant has met the first three requirements of the above test. Therefore, we must determine whether Appellant raised a substantial question. Whether a particular issue constitutes a substantial question regarding the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See, e.g., Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

---

resentencing did not rise to vindictiveness because the trial court sought to preserve the original sentencing scheme by imposing the same aggregate sentence, **see** Trial Court Opinion, 7/14/17, at 7. **See Commonwealth v. Barnes**, 167 A.3d 110, 125 (Pa. Super. 2017) (*en banc*) (appellant not entitled to relief by increase in sentence on remand where aggregate term is not increased).

Regarding the imposition of consecutive sentences, it is well established that "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in *only* the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*), *appeal denied*, 75 A.3d 1281 (Pa. 2013) (emphasis added).

A review of Appellant's argument and the record does not reveal anything that could suggest that the aggregate sentence imposed is unduly harsh, considering the nature of the crimes and length of imprisonment. Indeed, the trial court sentenced Appellant to a standard range sentence on both convictions, and Appellant failed to provide any evidence or even a cogent argument supporting a claim for undue harshness. Therefore, Appellant has failed to raise a substantial question for our review. *See Lamonda*, *supra*.

Similarly, Appellant failed to raise a substantial question regarding the alleged failure to consider mitigating circumstances (*i.e.*, no misconducts and attending vocational training classes while serving sentence).

The mitigating circumstances mentioned above were brought to the trial court's attention at the time of resentencing. N.T., Resentencing, 1/20/17 at 3-4. Thus, the record shows that the sentencing court was fully aware of the above circumstances, but decided not to weigh them as Appellant desired. In other words, Appellant is merely dissatisfied with the way the sentencing court

handled the mitigating circumstances. It is well established, however, that mere dissatisfaction with a sentence is not enough to trigger our jurisdiction. *Moury*, 992 A.2d at 175 ("court['s] refus[al] to weigh the proposed mitigating factors as [a]ppellant wished, absent more, does not raise a substantial question.").

Even if we were to find otherwise, Appellant, in essence, is merely asking us to reweigh the mitigating circumstances and substitute our judgment for that of the sentencing court. We cannot do that. *See*, *e.g.*, *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999), *appeal denied,* 790 A.2d 1013 (Pa. 2001) ("[W]hen reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime.") (citation omitted).

Finally, Appellant argues the record is devoid of any statement as to the reasons for the new sentence. Assuming the claim qualifies as a substantial question for our review, the claim is meritless.

The trial court did not issue a full explanation of the sentence, or reject specifically Appellant's position on the mitigating circumstances. However, at the time of resentencing, the trial court noted:

> My review of the guilty plea transcript indicates that [Appellant] admitted to possession with intent to deliver less than two grams of cocaine and also to possessing a firearm. However, there was no factual indication that the firearm was loaded. So the guideline that I'm using for the firearm charge is an offense gravity of nine, prior record score of five, making the standard range 48 to 60.

On the possession with intent to deliver, the offense gravity score is a five and the standard range is 12-18.

N.T. Resentencing, 1/20/17, at 2.

At the hearing, the following exchange also took place:

[Court]: I understand that there is no mandatory minimum sentence in this case. Is that correct?

[Commonwealth]: That's correct, your honor.

[Court]: So it's a guideline sentence?

[Commonwealth]: Yes, your honor.

[Defense counsel]: Yes, judge.

[Court]: Does the Commonwealth have any evidence on sentencing?

[Commonwealth]: *Nothing further*.

[Court]: Does the defense have *anything further* on sentencing?

[Defense counsel]: We do, judge. [Appellant] related to me in his three years in the state correctional facility that . . . he now has no misconducts. As I understand it, he is on his way to receiving some certifications that may result in a vocational job placement after he gets out.

*Id.* at 3-4.

After Appellant explained the nature of training he was pursuing while in prison, the trial court asked:

Is there anything else you want to tell me before I impose the sentence?

[Appellant]: I just ask you just, please, you know, if you can sentence me to the lower end of the guidelines. I got a lot to look forward to. I got kids. Family is growing always, as well as myself. I just want to get back to life. I just want to be there.

*Id.* at 4-5.

The record, therefore, shows that the trial court was aware of the underlying facts, applicable guidelines, the non-applicability of the mandatory minimums, statutory maximums, and it relied on the original pre-sentence report, as orally amended at the time of resentencing. *Id.* 2-6. In light of the foregoing, we conclude Appellant's claim that the trial court failed to state the reasons for the sentence imposed is meritless. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006) ("a lengthy discourse on the trial court's sentencing philosophy is not required. Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender").

In the same vein, Appellant avers the trial court failed to incorporate the original pre-sentence investigation report in the current proceedings. It is correct that trial court did not use any magic words to that end. However, as the above-quoted exchange shows, it is clear that the court, the prosecutor, and counsel for appellant all relied on that report, as orally amended at the resentencing. *See* N.T. Resentencing, 1/20/17, at 2-6.

Appellant finally avers that the information provided in that report was not up to date. It is worth noting that, at the time of resentencing, Appellant did not object to or otherwise complain about the staleness, incompleteness, or inadequacy of the original report. Indeed, to the extent the original report

was not up to date, counsel made the necessary amendments at the time of resentencing. *Id.* at 3-6.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/18