J-S11018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GLENVILLE MOSLEY | |
| Appellant | No. 694 EDA 2017 |

Appeal from the Judgment of Sentence imposed September 26, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0111341-2006

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 17, 2018**

Appellant, Glenville Mosley, appeals from his judgment of sentence of 14-33 years' imprisonment imposed at resentencing for involuntary deviate sexual intercourse ("IDSI"), unlawful contact with a minor, indecent assault, endangering the welfare of children and corruption of minors.[1]  Appellant argues that his sentence is vindictive because it is longer than his original sentence of 11-22 years' imprisonment.  We affirm.

The record reflects that in 1990, Appellant became romantically involved with the victim's mother and moved into her home with her and her five children.  The victim was the youngest of three boys.  The oldest brother, Mickey, then nineteen, had arguments with Appellant and was forced to leave

---

[1] 18 Pa.C.S. §§ 3123, 6318, 3126, 4304, and 6301, respectively.

the home. After about a year, Appellant had the victim's other brother, Lance, evicted from the home. N.T. 1/29/10, at 5-12; N.T. 2/1/10, at 136-139.

The victim's mother became pregnant, and Appellant began to assault the victim, now the only boy in the house. At first, Appellant manipulated the victim's penis as he took baths. The victim did not report Appellant's conduct to his mother. N.T. 1/29/10, at 12-13.

When the victim was eleven or twelve, Appellant began construction work on the house, and the victim's mother and sisters relocated to another house, leaving Appellant and the victim alone. The victim had to sleep in Appellant's bed, and Appellant tried to perform fellatio on the victim. When the victim resisted, Appellant forced the victim out of bed, placed Vaseline on the victim's penis, forcibly inserted the victim's penis into his own anus and told the victim to "hump" him. The child complied until he ejaculated. These attacks occurred several times a week for many months. On occasion, Appellant would have the victim bend over the bureau and cross his legs. Appellant would then stick his lubricated penis between the victim's thighs, pushing it back and forth until Appellant ejaculated. The victim told his mother about these assaults a couple of times, but nothing changed. N.T. 1/29/10, at 15-20, 34-37; N.T. 2/1/10, at 26-27, 40-41, 55.

In May 1998, when the victim was thirteen, Appellant tried to assault him in the usual way, but the victim jumped out of bed and complained. Appellant said: "You should be used to it by now." When the victim awoke

the next morning, Appellant was gone. After that, the victim stayed with his brother Mickey. N.T. 1/29/10, at 15-19, 21.

In 2004, after turning eighteen, the victim reported the abuse to the District Attorney's Office. The following year, he filed a second statement with the District Attorney's Office and advised that he wanted to pursue charges against Appellant. In 2006, Appellant was charged with multiple sexual offenses.

Following further delays, on February 3, 2010, a jury found Appellant guilty of IDSI, indecent assault, endangering the welfare of a child and corruption of a minor. N.T. 2/3/10, at 8. On October 26, 2010, the trial court found that Appellant was a sexually violent predator based on the stipulated report of the mental health expert. N.T. 10/26/10, at 5-9. The court then imposed consecutive terms of imprisonment of 10-20 years for IDSI, a mandatory minimum sentence, and 1-2 years for endangering the welfare of a child. The court also imposed concurrent terms of imprisonment of 1-2 years for corruption of a minor and indecent assault. The aggregate sentence was 11-22 years' imprisonment. N.T. 10/26/10, at 11-25.

Appellant filed a direct appeal, which this Court dismissed on July 12, 2012 due to Appellant's failure to file a brief. On April 15, 2013, Appellant filed a PCRA petition. On January 21, 2014, the PCRA court, without opposition, reinstated Appellant's right to file a direct appeal *nunc pro tunc*. Since the sentencing judge had retired, the case was reassigned to a new

judge, the Honorable Charles A. Ehrlich, to write the Pa.R.A.P. 1925 opinion. Subsequently, this Court affirmed Appellant's convictions but vacated the judgments of sentence because his mandatory minimum sentence for IDSI was illegal under the intervening decision in *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014).

On September 26, 2016, the case proceeded to resentencing before Judge Ehrlich.   Appellant presented documentation of his progress as a prisoner and requested a sentence in the standard range of the Sentencing Guidelines, suggesting that would be consistent with the original sentencing judge's intent.   N.T. 9/26/16, at 7.   The Commonwealth requested an aggregate term of 15-33 years' imprisonment and demonstrated that the present offenses were similar to Appellant's conviction for IDSI against another victim in 1986.   The 1986 conviction, like the present convictions, involved Appellant functioning as a father figure in a family and forcing his adolescent stepson to perform anal intercourse on him.   *Id.* at 13-17. Appellant spoke directly to the court, emphasizing his progress in prison, acceptance of responsibility and desire not to repeat his crimes.   *Id.* at 19-21.   The court acknowledged Appellant's rehabilitative efforts in prison but expressed its concern that he had been in state prison for the 1986 conviction but then committed the same crime on a similar victim after his release.   *Id.* at 22-23.   The court specifically noted that the prior record score did not reflect the "similarities in the type of crimes" committed by Appellant and similarity

in the age and family structure of the victims. *Id.* at 28. The court was particularly concerned about the effect that Appellant's breach of trust, as the father figure to his stepsons, had on his victims, and based on the Sexually Violent Predator report, doubted that he could ever fully control his impulse outside of a prison environment. *Id.* at 23-24.

The court imposed consecutive terms of imprisonment of 8-20 years for IDSI, 3½-7 years for endangering the welfare of a child, 1½-4 years for corrupting the morals of a minor and 1-2 years for indecent assault, resulting in an aggregate term of 14-33 years' imprisonment. *Id.* at 25-26. Each of the sentence terms were in the aggravated guideline range except for the sentence for endangering the welfare of a child, which was beyond the guideline range because of the "sharp similarities in these two crimes" and the court's concern about the heavy toll on the children victimized and the possibility of future victims. *Id.* at 26-28.

Appellant filed a timely motion for reconsideration, which was denied by operation of law on January 31, 2017. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises one issue in this appeal:

> Was the court vindictive in resentencing Appellant to a consecutive and harsh sentence of 14 to 33 years following a remand from an illegal sentence where the court based its sentence on same facts available at first sentencing and fact that this was Appellant's second offense for same crime which was already factored in the prior record score?

Appellant's Brief at 4.

- 5 -

Appellant challenges the discretionary aspects of sentencing, which "is not automatically reviewable as a matter of right." ***Commonwealth v. Grays***, 167 A.3d 793, 815 (Pa. Super. 2017). Before we can reach the merits of a discretionary aspects challenge,

> [w]e conduct a four part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see [Pa.R.Crim.P. 720]; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 815–16. Here, Appellant filed a timely notice of appeal, preserved the issue at sentencing and included a statement in compliance with Pa.R.A.P. 2119(f). Furthermore, Appellant's claim that his sentence was the product of vindictiveness raises a substantial question. ***Commonwealth v. Barnes***, 167 A.3d 110, 123 (Pa. Super. 2017) (*en banc*). Accordingly, we address the merits of Appellant's argument.

Appellant suggests that a presumption of vindictiveness arises because the judge at resentencing imposed a higher sentence based on precisely the same facts that were before the original sentencing judge. No basis existed for a sentence higher than the original sentence, Appellant argues, because there was no newly obtained information that warranted a higher sentence, and Appellant's conduct subsequent to original sentencing was spotless. We disagree.

Judge Ehrlich correctly described the applicable standards as follows:

- 6 -

> When an appellant is resentenced and receives a greater sentence than that which was originally ordered, the possibility that judicial vindictiveness motivated the increased sentence may implicate the due process concern that defendants will be chilled from exercising their appellate rights. *North Carolina v. Pearce*, 395 U.S. 711, 724 (1969), overruled on other grounds by *Alabama v. Smith*, 490 U.S. 794 (1989); *Commonwealth v. Robinson*, 931 A.2d 15, 22 (Pa. Super. 2007) (citing *Commonwealth v. Speight*, 854 A.2d 450, 455 (Pa. 2004)). Accordingly, the Court in *Pearce* established a presumption of vindictiveness when a more severe sentence is imposed following retrial. 395 U.S. at 726. When the presumption applies, the sentencing court must place on the record non-vindictive reasons for the increased sentence, such as a defendant's conduct subsequent to the original sentencing. *Id.*
>
> Subsequently, the *Pearce* presumption has been limited to instances in which there is a "reasonable likelihood" that the increased sentence was "the product of actual vindictiveness." *Alabama v. Smith*, 490 U.S. 794, 799 (1989); *Speight*, 854 A.2d at 455 ("The inquiry is whether there is a reasonable danger a state may have retaliated against the accused for exercising a legal right"). The *Pearce* presumption does not apply in instances in which the judge who imposes a more severe sentence did not impose the initial sentence. *Commonwealth v. Tapp*, 997 A.2d 1201, 1205 (Pa. Super. 2010); *Tex. v. McCullough*, 475 U.S. 134, 140 (1986) (no presumption of vindictiveness where different judge imposed original sentence and judge on resentencing provided non-vindictive reasons on the record for the increased sentence). When a different judge is responsible for resentencing, that judge retains the same level of discretion afforded to a judge imposing an original sentence. *Tapp*, 997 A.2d at 1204 (citing *McCullough*, 475 U.S. at 140). In such cases, an appellant "may seek to establish vindictiveness by affirmative evidence," but "must bear the burdens of production and persuasion on that issue and prove vindictiveness as a matter of fact." *Id.* at 1205.

Trial Court Opinion, 8/1/17, at 5-6.

In this case, the presumption of vindictiveness does not arise, because a different judge resentenced Appellant than the original sentencing judge.

***Tapp***, 997 A.2d at 1204. Thus, Appellant had to establish vindictiveness through affirmative evidence. ***Id.***

At resentencing, Appellant argues, the judge vindictively double-counted Appellant's 1986 IDSI conviction to arrive at a higher sentence. In other words, even though the 1986 conviction was already factored into Appellant's prior record score, the judge used the conviction to enhance Appellant's sentence above the standard guidelines range. Appellant's Brief at 14. We disagree.

Judge Ehrlich did not merely impose a higher sentence because Appellant had a prior IDSI conviction. Instead, the judge found it necessary to impose a higher sentence because Appellant committed these serious offenses after committing the same criminal acts against a similarly situated victim, a young stepson in a family where he was the father figure, and after serving time in state prison for his first IDSI conviction. Trial Court Opinion, 8/1/17, at 8-9. As Judge Ehrlich stated on the record, even though the prior record score of four takes the prior conviction into account, "the four is very problematic because of the similarities in the type of crimes and what was done and the issue of the age of the kids . . . and the fact that you've been in state prison before and still came out and did such a crime." N.T. 9/26/16, at 28. Moreover, a higher sentence was warranted to protect the public, because Appellant's history demonstrated that he posed a greater danger to re-offend after his release than most defendants. Trial Court Opinion, 8/1/17, at 9.

This was a proper exercise of discretion. ***Commonwealth v. Andrews***, 720 A.2d 764, 768-69 (Pa. Super. 1998) (court may consider prior record score to sentence outside guideline range where prior record score does not entirely reflect defendant's criminal history); ***Commonwealth v. Guth***, 735 A.2d 709, 712 (Pa. Super. 1999) (court properly considered need to protect public when sentencing beyond the guideline range). Moreover, the court properly imposed a sentence beyond the aggravated range for endangering the welfare of a child to reflect Appellant's betrayal of trust reposed in him by a young stepson in his care and the severe injury caused to this victim by his betrayal. N.T. 9/26/16, at 24.

For these reasons, Appellant's challenge to the discretionary aspects of his sentence fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/18