J-S50033-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN DWIGHT HERSHBERGER, | : | |
| | : | |
| Appellant | : | No. 271 WDA 2018 |

Appeal from the Judgment of Sentence, August 28, 2017,
in the Court of Common Pleas of Cambria County,
Criminal Division at No(s):  CP-11-CR-0001254-2014,
CP-11-CR-0001256-2014, CP-11-CR-0001257-2014.

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:               FILED NOVEMBER 27, 2018

Justin Dwight Hershberger appeals from the judgment of sentence imposed after the trial court resentenced him following remand from this Court.  We affirm.

The pertinent facts and partial procedural history are as follows:  In February of 2015, a jury convicted Hershberger and his co-defendant, Nicholas Myers, of multiple counts of robbery and related charges.[1]  On March 24, 2015, the trial court sentenced him to an aggregate term of six to twelve years of imprisonment.[2]

_____

[1] 18 Pa.C.S.A. § 3502(a)(4).

[2] Myers received the same aggregate sentence.

Hershberger filed a timely appeal to this Court, in which he challenged the sufficiency of the evidence supporting his convictions and the discretionary aspects of his sentence. On January 19, 2017, we issued an unpublished memorandum finding those issues meritless, and affirming Hershberger's judgment of sentence.

Thereafter, Hershberger filed a petition for panel reconsideration in which he raised new claims that challenged the legality of several of his individual sentences. On June 28, 2017, we filed an unpublished memorandum in which, although we reaffirmed our prior rejection of Hershberger's challenge to the sufficiency of the evidence, we agreed that some of the sentences imposed upon Hershberger were illegal.[3] See Commonwealth v. Hershberger, 2017 WL 2800120 (Pa. Super. 2017). We therefore vacated Hershberger's judgment of sentence and remanded for resentencing. Id.

The trial court resentenced Hershberger on August 28, 2007. Originally the new aggregate sentence was 73 ½ to 147 months of incarceration, a sentence longer than that which was originally imposed. However, in response to Hershberger's motion to modify sentence, the trial court, on January 5, 2018, resentenced Hershberger to an aggregate term of 72 to 144 months of incarceration, or six to twelve years, the same as the original sentence. This

_____

[3] In light of this conclusion, we did not address Hershberger's challenge to the discretionary aspects of his sentence.

- 2 -

appeal follows. Both Hershberger and the trial court have complied with Pa.R.A.P. 1925.

Hershberger raises the following issue on appeal:

1. Did the trial court abuse its discretion in imposing a sentence which was unduly harsh given the circumstances?

Hershberger's Brief at 4 (excess capitalization omitted).[4]

Hershberger challenges the discretionary aspects of his sentence. As this Court has summarized:

Challenges to the discretionary aspects of sentence do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's

_____

[4] On August 20, 2018, Hershberger filed a pro se document with the county clerk of courts in which he asked present counsel to withdraw from continuing to represent him in this appeal, and essentially asked to proceed pro se. The clerk of courts forwarded the filing to counsel of record. Although counsel had already filed an appellate brief for Hershberger, on September 18, 2018, counsel filed an application to withdraw as counsel because the attorney-client relationship had significantly deteriorated.

It is well settled that "once the [appellate] brief has been filed, any right to insist on self-representation has expired." Commonwealth v. Jette, 23 A.3d 1032, 1044 (Pa. 2011). Because Hershberger filed his request to proceed pro se after counsel had filed an appellate brief on his behalf, counsel's application to withdraw, which is based on Hershberger's desire to proceed pro se, is denied.

> brief has a fact defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Griffin, 65 A.3d 932, 935-36 (Pa. Super. 2013) (citations omitted).

Hershberger has filed a timely appeal, properly preserved his sentencing issue, and provided the requisite Rule 2119(f) statement. Thus, we must determine whether he has raised a substantial question.

The presence of a substantial question is determined on a case-by-case basis and only exists when the appellant advances a colorful argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. Commonwealth v. Diehl, 140 A.3d 34, 44-45 (Pa. Super. 2016) (citations omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." Commonwealth v. Christine, 78 A.3d 1, 10 (Pa. Super. 2013), affirmed, 125 A.3d 394 (Pa. 2015).

Moreover, this Court does not accept bald assertions of sentencing errors. Commonwealth v. Malovich, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the

appeal, which are necessary only to decide the appeal on the merits."
Commonwealth v. Ahmad, 961 A.2d 884, 886-87 (Pa. Super. 2008) (citing
Commonwealth v. Tirado, 870 A.2d 362, 365 (Pa. Super. 2005)).

Appellant's Rule 2119(f) statement reads, in pertinent part, as follows:

> [Appellant] contends that the trial court's sentence was
> based upon vindictiveness.
>
> * * *
>
> While the trial court modified [its aggregate new
> sentence] after the filing of Post-Sentence Motions, it is
> [Hershberger's] position that this evidences the trial court's
> animus towards him and [Hershberger] would respectfully
> request that this Honorable Court remand the matter for re-
> sentencing.

Hershberger's Brief at 11-12.

We conclude that Hershberger's unsubstantiated assertion of animus
and/or vindictiveness fails to raise a substantial question. Compare
Commonwealth v. Tapp, 997 A.2d 1201, 1202-03 (Pa. Super. 2010)
(reiterating that challenges to the length of the sentence following retrial citing
judicial vindictiveness, in violation of North Carolina v. Pearce, 395 U.S.
711 (1969), raise a substantial question). Unlike in both Tapp and Pearce,
Hershberger was not resentenced after his original convictions were vacated,
but rather, only because some of the individual sentences imposed were
illegal.

Even if Hershberger had raised a substantial question, his claim of
vindictiveness is without merit. Sentencing is a matter vested in the sound

discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely to be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Commonwealth v. Shull, 148 A.3d 820, 831 (Pa. Super. 2016).

According to Hershberger, when the trial court originally imposed his new aggregate sentence the court "did not point to any objective evidence to support an increase in sentence, which raises the presumption of vindictiveness." Hershberger's Brief at 14. As to his modified sentence, Hershberger claims that "the vindictive nature of the resentencing also goes to the increased sentences imposed on the burglary and criminal [mischief] convictions." Id.

Our review of the record refutes Hershberger's assertions. Because the trial court modified the length of his new aggregate sentence in order to mirror the aggregate sentence originally imposed, Hershberger's vindictiveness claim fails. Moreover, the trial court's increasing certain individual sentences in order to re-impose an aggregate in accordance with its original sentencing scheme was not improper. See generally, Commonwealth v. Goldhammer, 517 A.2d 1280 (Pa. 1986). Hershberger cites no authority to the contrary. Finally, as the trial court stated:

At [Hershberger's] original sentencing on March 24, 2015, the Court noted that the reasons for the original sentence imposed included his long and chronic history of criminal activity coupled with his lack of remorse or responsibility. There has been nothing brought to the Court's attention since the time of his original sentence to change our assessment. We noted, at [Hershberger's] initial sentencing, that rehabilitative efforts that [Hershberger] received in the past were to no avail.

On remand the Court originally increased the aggregate sentence by 45-90 days but amended this sentence to run it concurrently by our Order of January 5, 2018. In sum, the Court re-imposed the original sentence in terms of the total length of incarceration. We made our intent clear in that Order that we did not wish to impose any additional time periods of incarceration with that amendment. The Court respectfully asks the Honorable Superior Court to affirm our sentence in this matter.

Trial Court Opinion, 3/15/18, at 3 (citation omitted).

Our review of the record supports the trial court's comments. See Order, 1/8/18, at (explaining trial court's intention to impose the same aggregate sentence imposed prior to Superior Court's remand). We thus affirm Hershberger's judgment of sentence.

Application to withdraw denied. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/2018