J-S83045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDRE RAYMELLE WATLEY | : | |
| | : | |
| Appellant | : | No. 2818 EDA 2017 |

Appeal from the Judgment of Sentence August 4, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0001701-2009

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.:            **FILED FEBRUARY 20, 2018**

Appellant, Andre Raymelle Watley, appeals from the new judgment of sentence entered in the Northampton County Court of Common Pleas, following his jury trial convictions of two counts of firearms not to be carried without a license, and one count each of conspiracy, false identification to law enforcement authorities, possession of a controlled substance with intent to deliver ("PWID"), possession of a controlled substance, possession of a small amount of marijuana, and two summary motor vehicle offenses.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.

_____

[1] 18 Pa.C.S.A. §§ 6106(a)(1), 903(a)(1), 4914, 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(31), 75 Pa.C.S.A. §§ 3362(a)(3), and 1543(a), respectively.

On February 13, 2009, police stopped Appellant's vehicle for speeding. During the stop, police observed a firearm in plain view and removed the occupants from the vehicle. Appellant fled on foot; however, police identified Appellant as the driver of the vehicle, based on a statement by the passenger and receipts found inside the vehicle. Police subsequently arrested Appellant, and the Commonwealth charged him with various firearm, drug, and motor vehicle offenses. On July 15, 2010, the jury convicted Appellant of two counts of firearms not to be carried without a license, and one count each of conspiracy, false identification to law enforcement authorities, PWID, possession of a controlled substance, possession of a small amount of marijuana, and two summary motor vehicle offenses. The court sentenced Appellant on September 17, 2010, to an aggregate term of one hundred and forty-eight (148) to three hundred (300) months' imprisonment, which included two mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9712.1. Appellant did not file a direct appeal.

On May 12, 2011, Appellant timely filed a *pro se* PCRA petition, which resulted in the reinstatement of his direct appeal rights *nunc pro tunc* on May 27, 2011. That same day, Appellant filed a notice of appeal *nunc pro tunc*. This Court affirmed the judgment of sentence on November 25, 2013, and our Supreme Court denied allowance of appeal on July 8, 2014. **See Commonwealth v. Watley**, 81 A.3d 108 (Pa.Super. 2013) (*en banc*), *appeal denied*, 626 Pa. 684, 95 A.3d 277 (2014). Appellant timely filed a

- 2 -

*pro se* PCRA petition on June 2, 2015. The court appointed counsel, who filed an amended PCRA petition on July 10, 2015. The parties proceeded to PCRA hearings on October 9, 2015 and October 30, 2015. On January 27, 2016, the PCRA court determined Appellant's mandatory minimum sentences were unconstitutional pursuant to **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and vacated Appellant's judgment of sentence. The PCRA court denied PCRA relief in all other respects. Appellant timely filed a notice of appeal on February 19, 2016. This Court affirmed on December 29, 2016, and our Supreme Court denied allowance of appeal on June 12, 2017. **See Commonwealth v. Watley**, 153 A.3d 1034 (Pa.Super. 2016), *appeal denied*, ___ Pa. ___, 169 A.3d 574 (2017).

On August 4, 2017, the parties appeared for Appellant's resentencing hearing. After an explanation of its reasons for the sentence, the court imposed a term of forty-two (42) to eighty-four (84) months' imprisonment for the first firearms not to be carried without a license conviction, a consecutive term of forty-two (42) to eighty-four (84) months' imprisonment for the second firearms not to be carried without a license conviction, a consecutive term of seventeen (17) to one hundred and twenty (120) months' imprisonment for the PWID conviction, a consecutive term of seventeen (17) to one hundred and twenty (120) months' imprisonment for the conspiracy conviction, a consecutive term of six (6) to twelve (12)

months' imprisonment for the false identification to law enforcement authorities conviction, and a consecutive term of fifteen (15) to thirty (30) days' imprisonment for the possession of a small amount of marijuana conviction; thus, Appellant received an aggregate term of one hundred twenty-four and one-half (124½) to four hundred and twenty-one (421) months' imprisonment. Appellant timely filed a post-sentence motion for reconsideration of sentence on August 7, 2017, which the court denied on August 18, 2017. Appellant timely filed a notice of appeal on August 29, 2017. On August 30, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on August 31, 2017.

Appellant raises the following issue for our review:

> THE SENTENCING COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A MORE SEVERE AGGREGATE MAXIMUM SENTENCE ON APPELLANT AT RE-SENTENCING THAN JUDGE SMITH DID AT APPELLANT'S ORIGINAL SENTENCING.

(Appellant's Brief at 4).

Appellant argues the court improperly imposed an increased aggregate maximum sentence of four hundred and twenty-one (421) months' imprisonment. Appellant asserts the record does not contain additional objective information to justify the imposition of an aggregate maximum sentence, which is ten years more than the original aggregate maximum sentence. Appellant avers his increased aggregate maximum sentence is

detrimental to him. Appellant concludes his increased aggregate maximum sentence is the result of judicial vindictiveness, and this Court should vacate and remand for resentencing. As presented, Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Robinson*, 931 A.2d 15 (Pa.Super. 2007) (*en banc*) (explaining claim of judicial vindictiveness constitutes challenge to discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal*

*denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 913 (quoting ***Commonwealth v.***

***Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). Significantly, this Court has held that a claim of judicial vindictiveness in resentencing raises a substantial question for our review. ***Commonwealth v. Tapp***, 997 A.2d 1201, 1203 (Pa.Super. 2010), *appeal denied*, 608 Pa. 654, 12 A.3d 752 (2010).

Here, Appellant properly preserved his discretionary aspects of sentencing claim in his post-sentence motion, Rule 1925(b) statement, and Rule 2119(f) statement. Additionally, his claim of judicial vindictiveness appears to raise a substantial question for our review. ***See id.***

Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it

relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. **Id.** "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Commonwealth v. Griffin,** 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

Generally, a presumption of vindictiveness arises if the court imposes a harsher sentence upon resentencing. **Robinson, supra** at 22. "Absent evidence [that] a sentencing increase is justified due to objective information concerning a defendant's case, the presumption of vindictiveness cannot be rebutted." **Commonwealth v. Barnes**, 167 A.3d 110, 124 (Pa.Super. 2017) (*en banc*). Significantly, no presumption of vindictiveness arises when the original sentence and the new sentence are

- 8 -

imposed by two different judges. *Tapp, supra* at 1205. Thus, without a presumption of vindictiveness, the defendant must affirmatively prove actual vindictiveness. *Id.* When a defendant fails to prove vindictiveness by affirmative evidence, his right to due process has not been infringed, and he is not entitled to resentencing on that ground. *Id.*

Instantly, a different judge presided over the August 4, 2017 resentencing. As such, no presumption of vindictiveness arises, based on Appellant's increased aggregate maximum sentence. *See id.* Additionally, Appellant has failed to present any evidence of actual vindictiveness; and nothing in the record suggests the new sentence was the result of vindictiveness. *See id*. Further, the court thoroughly explained its reasons for the August 4, 2017 sentence as follows:

> When Judge Smith imposed the original sentence on September 17, 2010, he stated: "Because of your prior record, I am concerned about your rehabilitative potential. It would appear that some lengthy period of incarceration would be appropriate to try to address your rehabilitative concerns and also to protect the public. These are serious offenses. They involve firearms, they involve possession of [e]cstasy with intent to deliver it. …[T]his is not the first time that you've had issues with the law. Prior attempts at rehabilitation have failed." Having reviewed the record as a whole and finding that we concurred with these conclusions by Judge Smith, and concluding that the aggregate minimum sentence imposed by Judge Smith was appropriate, we sought to fashion a sentence at resentencing that would be of a similar minimum duration. This was not possible without imposing a sentence in the aggravated range, unless each of the sentences was run consecutively. Accordingly, we imposed a consecutive sentence on each of the charges, at the highest end of the standard range on each, for an aggregate minimum

sentence in the standard range that would best achieve the same goal that Judge Smith's sentence was imposed to achieve. We believe that such concerns were appropriately considered by us in fashioning the current sentence. While we recognize that [Appellant's] aggregate maximum has consequently been increased by 121 months, his minimum has been decreased by 23 months, 15 days. We do not believe that having an increased aggregate maximum will be detrimental to [Appellant], insofar as his appropriate behavior and participation in programming in state prison will still permit him to be paroled sooner than he would have been under his original sentence—he will simply have a longer period of parole, which can only be of benefit to the community, in addition to serving the rehabilitative needs of [Appellant].

For all of these reasons, it is respectfully suggested that the sentence imposed on August 4, 2017, was appropriate.

(**See** Trial Court Opinion, filed October 2, 2017, at 5-6) (internal citations omitted). Under these circumstances, the court properly explained its reasons for Appellant's increased aggregate maximum sentence. Thus, Appellant's challenge to the discretionary aspects of his sentence fails on the ground asserted. **See Hyland, supra**. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary


Date: _2/20/2018_

- 10 -