**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Alexander SERRANO, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1999.

Filed March 16, 1999.

Jeanne Trivellini, Assistant Public Defender, Reading, for appellant.

Steven L. Chung, Assistant District Attorney, Reading, for Commonwealth, appellee.

Before HUDOCK, J., CIRILLO, President Judge Emeritus, and TAMILIA, J.

TAMILIA, J.:

¶ 1 On October 7, 1997, appellant, Alexander Serrano, pled guilty to delivery of a

controlled substance (cocaine),[1] criminal conspiracy[2] and making false reports to law enforcement authorities[3] and was sentenced to five (5) years in the Berks County Intermediate Punishment Program.[4] Thereafter, having found appellant to be in violation of the terms and conditions of the program, appellant's intermediate punishment was revoked pursuant to 42 Pa.C.S.A. § 9773, **Modification or revocation of intermediate punishment sentence, (b) Revocation.** On March 10, 1998, an aggregate sentence of twelve (12) to thirty-six (36) months' imprisonment followed by two (2) years' probation was imposed. Following motions to modify the sentence,[5] a hearing on the motions was held on April 2, 1998 at which time the March 10, 1998 judgment of sentence was vacated and appellant was resentenced to a term of 22 to 24 months' imprisonment followed by two (2) years' probation.[6] Timely appeals were filed at Nos. 584, 585 and 586 Harrisburg, 1998. Because sentencing on appellant's conspiracy conviction apparently was overlooked, the sentencing court, on June 26, 1998, imposed an additional eleven (11) to twenty-four (24) month term of imprisonment to run concurrently with the April 2, 1998 judgment of sentence and the appeal at No. 1013 Harrisburg, 1998 was filed. Appellant raises the following challenge to his April 2 and June 26, 1998 judgments of sentence.[7]

Whether the sentence imposed was manifestly excessive so as to inflict too severe a punishment on the appellant?

(Appellant's Brief at 4.)[8]

¶ 2 "Sentencing is a matter within the sound discretion of the trial court and will not be disturbed unless it is outside the statutory limits or manifestly excessive so as to inflict too severe a punishment." *Commonwealth v. Phillips*, 411 Pa.Super. 329, 601 A.2d 816, 823 (1992), *affirmed*, 534 Pa. 423, 633 A.2d 604 (1993).

¶ 3 Appellant's argument focuses upon the difference between the sentence he received following his intermediate punishment revocation and the sentence he received upon consideration of his motions to modify sentence. In his motions to modify, appellant sought to have his aggregate 12 to 36 month term of imprisonment reduced. The court, however, imposed a partial sentence of 22 to 46 months' imprisonment on April 2, 1998,[9] and on June 26, 1998, imposed the remaining portion of the sentence. The net effect of the combined sentences is, as noted above, a total period of confinement of 22 to 47 months, an increase of 10 months to the minimum sentence and 11 months to the maximum. Appellant now contends the in-

1. 35 P.S. § 780–113(a)(30).

2. 18 Pa.C.S.A § 903.

3. *Id.*, § 4906(a).

4. Appellant was sentenced to participation in the Berks County intermediate punishment program in accordance with 42 Pa.C.S.A. § 9729, **Intermediate Punishment**, and section 9763, **Sentence of intermediate punishment.** Portions of the record refer to "intermediate punishment program probation" and appellant's "probation revocation". In *Commonwealth v. Philipp*, 709 A.2d 920 (Pa.Super.1998), this Court explained the rule of resentencing following revocation of intermediate punishment "is analogous to that set forth for resentencing following revocation of probation". *Id.* at 921. *Philipp, supra*, does not purport to analogize *the effects* of intermediate punishment sentences and probationary sentences and we emphasize the many practical differences between probation and intermediate punishment and the inaccuracy in using the terms interchangeably. A section 9754, **Order of probation**, differs from a section 9763, **Sentence of intermediate punishment**, in several respects including the conditions the court may impose as part of an intermediate punishment or probationary sentence. *Compare* section 9754(b), **Conditions generally**, and (c) **Specific conditions**, and section 9763(b), **Conditions generally**.

5. The offenses for which appellant has been convicted originated at three separate criminal action numbers. Appellant chose to challenge his judgment of sentence in separate motions and briefs based upon the individual criminal action numbers.

6. Subsequent motions to modify were denied on April 6, 1998.

7. The appeals filed by appellant have been consolidated, sua sponte, for disposition by this Court.

8. Appellant raised the same challenge in all four of his appellate briefs and presents identical arguments therein.

9. . The term of probation imposed did not change.

crease in his term of imprisonment is the result of vindictiveness on the part of the sentencing court.

 ¶ 4 It is essential that the court maintain the ability to incarcerate persons for whom intermediate punishment is no longer a viable means of rehabilitation. "Upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S.A. § 9773, *supra*. At resentencing, therefore, the procedural posture of the case is just as it is for sentences following guilty pleas, jury trials and nonjury trials. A defendant's procedural rights following resentencing include the right to timely request modification of sentence. While this request may be granted or denied, once granted, review of the sentence is subject to statutory and case law. First, a resentence may not exceed the statutory limits of the sentence, including allowable deductions for time served. In addition, a resentence following a motion for modification may not exceed the previous sentence without justification. Where a subsequent sentence imposes a greater penalty than previously was imposed, a presumption of vindictiveness attaches. *Commonwealth v. Campion*, 449 Pa.Super. 9, 672 A.2d 1328 (1996), *appeal denied*, 545 Pa. 668, 681 A.2d 1340 (1996). " '[W]henever a judge imposes a more severe sentence upon a defendant ... the reasons for doing so must affirmatively appear.' " *Id.*, 672 A.2d at 1333, *quoting North Carolina v. Pearce*, 395 U.S. 711, 725–726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In order to overcome the presumption of vindictiveness, the sentencing court's reasons must be based upon objective information which justifies the increased sentence. *Id.*

¶ 5 In *Campion*, the appellant's original judgment of sentence was vacated on direct appeal and his case remanded for retrial. Campion was again convicted, however, the court imposed a greater sentence than originally imposed. The appellant appealed arguing, inter alia, *Pearce*, *supra*, precluded the trial court from imposing the greater sentence. Upon review of the record, this Court found the factors relied upon by the sentenc-

ing court constituted objective information justifying the increased sentence. An error in calculating the sentence, such as occurred in *Campion*, is an example of the type of objective information which justifies a sentencing change and rebuts the presumption of vindictiveness.

 ¶ 6 Upon careful review of the record, we find the sentencing court's April 2, 1998 and June 26, 1998 sentences were imposed based upon the same facts and information as were in existence at the time of the March 10, 1998 sentence. Appellant was incarcerated and there is no evidence of criminal activity during this time. There has been no allegation of erroneous calculation with respect to appellant's March 10, 1998 sentence and no additional information of an objective nature was presented to the sentencing court which might explain a need to increase appellant's sentence.

¶ 7 Absent evidence a sentencing increase is justified due to objective information concerning a defendant's case, the presumption of vindictiveness cannot be rebutted. As the sentencing court has set forth an explanation for its sentence in its June 22, 1998 Opinion and the record reveals no objective findings from which the sentencing increase can be explained, the April 2, 1998 and June 26, 1998 sentences are vacated. The March 10, 1998 judgment of sentence of 12 to 36 months' imprisonment followed by 2 years' probation, imposed following revocation of appellant's intermediate punishment sentence, is reinstated.

¶ 8 April 2, 1998 and June 26, 1998 judgments of sentence vacated; the March 10, 1998 judgment of sentence is reinstated.

¶ 9 Jurisdiction relinquished.