J-S57010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL KEMP | : | |
| | : | |
| Appellant | : | No. 2618 EDA 2017 |

Appeal from the Judgment of Sentence July 6, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013505-2014

BEFORE:   PANELLA, J., PLATT[*], J., and STRASSBURGER[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 14, 2018**

Samuel Kemp appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas. Kemp alleges the trial court abused its discretion by imposing on remand the same total aggregate term of imprisonment as was imposed during his initial sentencing hearing. We affirm.

On October 8, 2011, while driving under the influence of narcotics, Kemp hit a man with his car. Kemp was arrested and charged with various offenses arising from this incident. Following a bench trial, the trial court convicted Kemp of aggravated assault, possessing an instrument of crime ("PIC"), simple assault, two counts of recklessly endangering another person,

_____

[*] Retired Senior Judge assigned to the Superior Court.

aggravated assault by vehicle while driving under the influence ("aggravated assault-DUI"), accidents involving death or personal injury while not properly licensed, driving under the influence–general impairment ("DUI"), three counts of DUI–controlled substance, and driving without a license. The trial court sentenced Kemp to 9 to 18 years' imprisonment, followed by 2 years' probation, for aggravated assault, a consecutive term of 7 years' probation for aggravated assault-DUI, and a concurrent term of 3 months to 5 years' imprisonment for DUI-combined impairment. Kemp received no further penalties on his additional convictions.

Kemp appealed his sentence, alleging, in part, that the Commonwealth presented insufficient evidence to support his aggravated assault conviction. A panel of this Court agreed, reversed Kemp's conviction for aggravated assault, vacated his judgment of sentence, and remanded to the trial court for resentencing on the remaining convictions.[1] *See Commonwealth v. Kemp*, No. 873 EDA 2016 at 19-20 (Pa. Super. filed Feb. 17, 2017) (unpublished memorandum).

At resentencing, the trial court sentenced Kemp to 5 to 10 years' imprisonment for aggravated assault–DUI, 3.5 to 7 years' imprisonment for accidents involving death or personal injury while not properly licensed, and 6 to 12 months' imprisonment for PIC, followed by 2 years' probation. As the

---

[1] The Court also determined that Kemp's sentence for DUI-combined impairment should have merged with his sentence for aggravated assault-DUI for sentencing purposes. *See id*.

trial court ordered Kemp to serve these sentences consecutively, the aggregate sentence of 9–18 years' imprisonment mirrored the aggregate sentence of imprisonment imposed at Kemp's first sentencing hearing.[2] This timely appeal follows.

On appeal, Kemp contends the trial court abused its discretion in imposing more severe sentences for aggravated assault–DUI, accidents involving death or personal injury while not properly licensed, and PIC than it did during his original sentencing. Kemp argues that the increase in sentence could only have been caused by judicial vindictiveness, as he received the same sentence on remand despite the reversal of his most serious conviction. Ultimately, Kemp asserts that this led to an unduly harsh and excessive sentence.

Kemp concedes his argument raises a challenge to the discretionary aspects of his sentence. **See** Appellant's Brief, at 25. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test."

---

[2] However, Kemp's aggregate sentence on resentencing included only 2 years' probation—7 less than the probationary sentence Kemp received during his initial sentencing.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation

omitted). This test requires us to

> determine: (1) whether appellant has filed a timely notice of
> appeal, ***see*** Pa.R.A.P. 902 and 903; 2) whether the issue was
> properly preserved at sentencing or in a motion to reconsider and
> modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's
> brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there
> is a substantial question that the sentence appealed from is not
> appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***. (citation omitted; brackets in original).

Here, Kemp has met the first three parts of the test by filing a timely

notice of appeal, preserving his challenge in a post-sentence motion, and

including the requisite Rule 2119(f) statement in his brief. Thus, we look to

his Rule 2119(f) statement to determine whether he has met the fourth part

of this test by raising a substantial question for our review.

To raise a substantial question, Kemp must show that his "sentence

violates either a specific provision of the sentencing scheme set forth in the

Sentencing Code or a particular fundamental norm underlying the sentencing

process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)

(citation omitted).  Kemp contends that his sentence was a result of judicial

vindictiveness, as the trial court improperly considered his previous sentence

in fashioning his sentence on remand.[3] We have previously found that this

---

[3] Kemp's 2119(f) statement spanned 15 pages and did not provide clear
arguments as to what he believed raised substantial questions for our review.

assertion raises a substantial question for our review. ***See***, ***e.g.***, ***Commonwealth v. Tapp***, 997 A.2d 1201, 1203 (Pa. Super. 2010) (finding claims of judicial vindictiveness constitute substantial questions for review). As such, we will address Kemp's claim.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. 2006) (citation omitted).

Kemp contends the imposition of the same sentence on remand as was originally imposed was a result of judicial vindictiveness.

> Due process of law … requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

_____

**See** Appellant's Brief, at 25-40. Therefore, we have discerned Kemp's arguments to the best of our ability. To the extent Kemp intended to challenge the consecutive nature of his sentences and/or the trial court's failure to adequately consider mitigating factors, we note that these claims do not even raise a substantial question for our review. **See Commonwealth v. Moury**, 992 A.2d 162, 171-172 (noting the imposition of consecutive rather than concurrent sentences only raises a substantial question in the most extreme circumstances); **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013) (claim of inadequate consideration of mitigating factors does not raise a substantial question for review).

- 5 -

> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*North Carolina v. Pearce*, 395 U.S. 711, 725-726 (1969), *overruled on other grounds by* *Alabama v. Smith*, 490 U.S. 794 (1989).

Our Court has held that "*Pearce's* rationale for providing reasons on the record applies also when the original sentence is vacated and a second sentence is imposed without an additional trial." *Commonwealth v. Barnes*, 167 A.3d 110, 123 (Pa. Super. 2017) (citation omitted). "Absent evidence [that] a sentencing increase is justified due to objective information concerning a defendant's case, the presumption of vindictiveness cannot be rebutted." *Commonwealth v. Serrano*, 727 A.2d 1168, 1170 (Pa. Super. 1999).

However, as recently noted by an *en banc* panel of our Court, this presumption is rebutted where a trial court imposes higher sentences on certain counts during resentencing to reach the same *aggregate* sentence as previously imposed and preserve its sentencing scheme. *See Barnes*, 167 A.3d at 124 (noting, "a judge can duplicate the effect of the original sentencing plan by adjusting the sentences on various counts so that the aggregate punishment remains the same"). In reaching this conclusion, the *Barnes*

Court analyzed our decision in a remarkably similar case, ***Commonwealth v. McHale***, 924 A.2d 664 (Pa. Super. 2007), *overruled in part on other grounds by **Commonwealth v. Robinson***, 931 A.2d 15 (Pa. Super. 2007):

> In … ***McHale*** …, we upheld the trial court's resentencing of the defendant when his conviction on the most serious charges, two counts of aggravated assault, previously had been reversed based on insufficient evidence. After remand, to maintain the same aggregate sentence as originally imposed, the trial court increased the overall sentence on the surviving counts. Noting that the aggregate sentence remained unchanged, we upheld the new sentence. In doing so, we noted:
>
>> [O]ur conclusion is not altered by the fact that remand and resentencing were prompted by reversal of two of [the defendant's] convictions…. Whether remand is the result of reversal of one or more convictions or vacation of an illegal sentence, we conclude that the trial court has the same discretion and responsibilities in resentencing.

***Barnes***, 167 A.3d at 124-125 (internal citations omitted; brackets in original).

Consistent with ***Barnes*** and ***McHale***, it is readily apparent that the trial court increased Kemp's sentence on aggravated assault-DUI, accident involving death or personal injury while not properly licensed, and PIC not out of vindictiveness, but instead in an attempt to preserve the integrity of its original sentencing scheme by imposing the same aggregate sentence of imprisonment. As a trial court's desire to preserve its previous sentencing scheme defeats the presumption of vindictiveness, and Kemp's sentence was not increased at resentencing, we do not find evidence that his sentence was

a result of judicial vindictiveness. Therefore, we do not find that the trial court abused its discretion.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/18