J-S47026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDEN JENE WALTERS | : | |
| | : | |
| Appellant | : | No. 444 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 14, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000699-2014

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:               **FILED SEPTEMBER 06, 2019**

Appellant Jorden Jene Walters appeals from the judgment of sentence imposed following the revocation of his county intermediate punishment sentence.  Appellant's counsel has filed a petition to withdraw and an **Anders**/**Santiago** brief.[1]  We affirm and grant counsel's petition to withdraw.

The trial court summarized the underlying procedural history of this matter as follows:

> On June 16, 2014, Appellant was sentenced to three years' probation with respect to a consolidated count of criminal conspiracy to receive stolen property.  The three years was to be served under the supervision of the Pennsylvania Board of Probation and Parole (PBPP) and to run consecutive to Appellant's state sentence in a related case.

---

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Appellant's period of probation began on January 22, 2017 and would have expired on January 22, 2020. He completed max out sentences on two separate counts of statutory sexual assault. He had consensual sexual intercourse with the same 14 year old when he was 18 years old on two separate occasions. He received a one and one-half (1½) to three (3) year period of incarceration. During his incarceration, he did not complete any sexual offender programming and instead maxed out.

On February 2, 2017, a hearing was held to determine whether Appellant should be subject to the conditions, special conditions and supplemental conditions for sexual offenders. The court noted that since the purpose of probation is rehabilitative and since Appellant may pose a risk without having undergone any appropriate programming, assessment or treatment, the imposition of the conditions was appropriate under the circumstances. Complying with the conditions would, in the court's opinion, enhance Appellant's rehabilitation regardless of the crimes for which he was presently under supervision.

Appellant did not do particularly well on probation and a bench warrant was issued for his arrest on March 22, 2018 for failing to report as directed. He was apprehended and the bench warrant was vacated on April 19, 2018. By Order dated May 16, 2018, the court directed that Appellant be transported from the Lycoming County Prison to the Cove Forge treatment facility to begin an inpatient drug and alcohol treatment program.

The conduct which led to Appellant being sent to Cove Forge included his absconding, as well as using methamphetamines and other controlled substances. Unfortunately, he was discharged from Cove Forge. When officials went to the facility to detain Appellant, he absconded yet again.

Appellant appeared before the court on July 12, 2018. A final hearing was scheduled for August 20, 2018.

At the August 20, 2018 hearing, Appellant admitted to the violations. He admitted to possessing a small amount of marijuana and drug paraphernalia, which formed the basis of a prior conviction. He admitted that he absconded from supervised bail after his home plan was revoked. He admitted that while he was absconding he was using methamphetamines and other controlled substances. He admitted that when officers came to pick him up at the facility, he did not comply with the directives but, instead, he walked out of the door to the deputy sheriffs. He

- 2 -

admitted that once he was at the inpatient treatment facility and was informed that the "cops" or adult probations officers were present, he ran approximately five miles until he was apprehended.

At the time, the court determined not to sentence Appellant but rather to request additional information. Appellant's history was replete with substance abuse issues. In April of 2018 he was placed on the jail to treatment program. Previously, in February of 2018 the court placed him on supervised bail with the understanding that he undergo an assessment, and be placed on a drug patch. Appellant's history of substance abuse and treatment certainly would be relevant at sentencing. On September 21, 2018, the court resentenced Appellant on the consolidated count of receiving stolen property to a five year period of Intermediate Punishment with the first six months to be served at the Lycoming County Work Release Facility.

A condition of Appellant's Intermediate Punishment was that he attend and complete the Lycoming County Drug Court Program, while he was at the work release facility to continue to actively participate in NA/AA groups as well as outpatient counseling through Crossroads Drug and Alcohol group, and that he not commit any misconducts while at the work release facility.

The court specifically advised Appellant that it wanted to give him the benefit of the doubt and the opportunity to recover appropriately from his decades long substance abuse disorder. The court noted that Appellant's behaviors, however, threatened the safety of the community. The court specifically noted that while it expected setbacks while Appellant was on the Drug Court Program, if Appellant was removed from the Drug Court Program and brought before the court for resentencing, the court would in all likelihood impose a significant period of sate incarceration.

Not long thereafter, Appellant was again in front of the court. On February 14, 2019, based upon Appellant's counseled admissions, the court found that Appellant violated the terms of his Intermediate Punishment by refusing to be placed onto the Drug Court program, by not actively participating in NA/AA group at the work release facility, by committing numerous misconducts while at the work release facility, and at least twice committing behaviors that returned him to the Lycoming County Prison.

After considering all of the relevant sentencing factors, the court sentenced Appellant to a period of state incarceration the

- 3 -

minimum of which was two years and the maximum of which was five years. Appellant was given credit for time served and made eligible for the State Motivational Boot Camp Program.

Appellant filed a motion for reconsideration which was denied by order of court dated February 25, 2019. Appellant filed a notice of appeal on March 12, 2019. In response to the court's Rule 1925(b) Order, Appellant filed a concise statement on March 21, 2019, asserting two issues: (1) the court abused its discretion when imposing the sentence; and (2) an **Anders** brief was expected to be filed.

Trial Ct. Op., 4/3/19, at 1-4.

On July 3, 2019, counsel filed an **Anders**/**Santiago** brief and a separate petition to withdraw. Counsel's withdrawal petition indicates that she sent a copy of the **Anders** brief to Appellant, along with a letter advising Appellant of his right to proceed *pro se* or with new, privately retained counsel. Appellant has not filed a *pro se* brief or a counseled brief with new counsel.

Counsel's **Anders**/**Santiago** brief identifies the following issues:

1. Did the trial court abuse its discretion when revoking Appellant's intermediate punishment (IP) sentence and resentencing Appellant to two (2) to five (5) years confinement in a state correctional institution; a sentence that fails to consider the history, characteristics, and rehabilitative needs of Appellant?

2. Should an application to withdraw as counsel be granted where counsel has investigated the possible grounds of appeal and finds the appeal frivolous?

**Anders**/**Santiago** Brief at 4.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa.

- 4 -

Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); ***accord Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, and supplying Appellant with a copy of the ***Anders***/***Santiago*** brief. ***See Goodwin***, 928 A.2d at 290. Moreover, counsel's ***Anders***/***Santiago*** brief substantially complies with the requirements of ***Santiago***. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. Accordingly, we conclude that appointed counsel has met the technical requirements of ***Anders*** and ***Santiago***, and we will proceed to address the issue raised in the ***Anders***/***Santiago*** brief.

The first issue identified by counsel suggests that the trial court abused its discretion by sentencing Appellant to confinement in a state correctional institution. ***Anders***/***Santiago*** at 11. Specifically, counsel notes that Appellant believes his sentence is "manifestly excessive" because the trial court failed to "fully consider Appellant's characteristics, [the] nature of the offenses and violations, and his rehabilitative needs." ***Id.*** at 10. Counsel submits that, based on mitigating factors, Appellant offers that "confinement in a county prison, or an alternative form of county restorative sanction, is more appropriate." ***Id.*** at 12. Counsel states that she has "reviewed the record multiple times [and] diligently investigated any possible grounds for appeal" but "finds the appeal to be frivolous." ***Id.*** at 14.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [708]; (3) whether appellant's brief [complies with] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. McLaine***, 150 A.3d 70, 76 (Pa. Super. 2016) (citation omitted).

Here, Appellant timely filed a notice of appeal, preserved his claim in a post-sentence motion, and included a concise statement of reasons relied upon for allowance of appeal in his brief. ***See id.*** Additionally, a claim that the trial court imposed an excessive sentence by failing to consider all relevant sentencing factors may present a substantial question. ***See Commonwealth v. Swope***, 123 A.3d 333, 339 (Pa. Super. 2015).

In matters involving the discretionary aspects of a sentence, our standard of review is as follows:

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012) (citation omitted); *see also Commonwealth v. Serrano*, 727 A.2d 1168, 1170 (Pa. Super. 1999) (stating that "[i]t is essential that the court maintain the ability to incarcerate persons for whom intermediate punishment is no longer a viable means of rehabilitation"). "[T]his Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

The statute governing the modification or revocation of county intermediate punishment provides:

> **§ 9773. Modification or revocation of county intermediate punishment sentence**
>
> \* \* \*
>
> **(b) Revocation.—**The court may revoke a sentence of county intermediate punishment upon proof of a violation of specific conditions of the sentence. Upon revocation and subject to section 9763(d), the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. . . .
>
> **(c) Hearing required.**—A court shall not revoke or increase the conditions of a sentence of county intermediate punishment without a hearing at which the court shall consider the record of the initial sentencing proceeding as well as the conduct of the defendant while serving a sentence of county intermediate punishment.

42 Pa.C.S. § 9773. We have explained that Section 9773(b)'s "rule of resentencing is analogous to that set forth for resentencing following revocation of probation." *Commonwealth v. Banks*, 198 A.3d 391, 397 (Pa.

Super. 2018) (citation omitted); *see also* 42 Pa.C.S. § 9771 (governing the modification or revocation of an order of probation).

When imposing a sentence following revocation, the trial court must consider the sentencing factors contained in 42 Pa.C.S. § 9721(b). *See Cartrette*, 83 A.3d at 1040-41; *Derry*, 150 A.3d at 995. Specifically, the trial court must follow the principles "that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *See Derry*, 150 A.3d at 993 (quoting *Cartrette*, 83 A.3d at 1040-41) (emphasis omitted); *see also* 42 Pa.C.S. § 9721(b).

However, the trial court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question." *Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. 2014). As the Pennsylvania Supreme Court explained:

> [S]ince the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a [pre-sentence investigation report (PSI)] during the initial sentencing proceedings.

*Id.* at 28 (citation omitted). Where a PSI exists, we "presume that the sentencing judge was aware of the relevant information regarding the

- 9 -

defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Walls***, 926 A.2d 957, 967 n.7 (Pa. 2007) (citation omitted).

Here, at sentencing, Appellant admitted to several violations of his county IP sentence. Specifically, the trial court noted that Appellant failed to enter the Drug Court Program, did not participate in NA/AA groups at the work release facility, and committed "numerous misconducts while at the work release facility, at least twice causing him to be sent back to the Lycoming County Prison." Trial Ct. Order, 2/14/19, at 1.

In its Rule 1925(a) opinion, the trial court further explained that

[Appellant's] . . . history of violations before [the trial] court was long and extensive. Appellant absconded on more than one occasion, continued to use controlled substances, was removed from an inpatient treatment facility, took probation officers on a five mile fleeing and pursuit, engaged in violations of the pre-release facility causing him to be removed and returned to the county prison and causing him to be ineligible for the Drug Treatment Court Program.

\* \* \*

Contrary to Appellant's contentions, the sentence was not manifestly unreasonable. The record clearly shows that the court took several factors into consideration when formulating the sentence. The court considered all of the relevant sentencing factors, Appellant's statement, the arguments of counsel, the court's history with Appellant, Appellant's prior pre-sentence reports, Appellant's supervision reports, and Appellant's failure to participate in his own rehabilitation. It imposed an individualized sentence consistent with the protection of the public, the gravity of the offenses to the extent they impacted any victims and the community, and Appellant's rehabilitative needs. The court was

aware of all of the relevant information and weighed the considerations along with the factors raised by Appellant.

\* \* \*

The reasoning behind the court's sentence was clear. All of the court's efforts to assist Appellant in his rehabilitation failed. Appellant continued to act out, continued to disobey authority, continued in his failure to obtain treatment, and continued to disobey court orders. Clearly, the sentence was designed to vindicate the court's authority, to prevent Appellant from relapsing and to prevent Appellant from committing other criminal behaviors.

Unlike what Appellant may think, sentencing is not solely about a defendant and his needs to change. Certainly, in this court's humble opinion, sentences might reflect more weight on individual rehabilitation, but as time passes and a defendant's misconducts and behaviors continue, more weight must be placed on protecting the public, vindicating the authority of the court and reflecting the seriousness of a defendant's conduct.

In this case, Appellant made his choice. He was given opportunity after opportunity to get the help that he needed, to change his behaviors and not be locked up. The court specifically admonished Appellant as to the consequences of his behaviors if he chose to continue them. The court's sentence was reasoned and appropriate. Given the many opportunities that Appellant had, the court would even conclude that it was Appellant who sentenced himself.

Trial Ct. Op. at 5-8.

Following our review of the record, we agree with counsel's assessment that Appellant's issue is frivolous. At sentencing, the trial court considered the Section 9721(b) sentencing factors, including Appellant's rehabilitative needs. The trial court also considered Appellant's overall history and his conduct while on supervision. *See* 42 Pa.C.S. § 9773(c). Ultimately, the trial court concluded that a state prison sentence was necessary in light of

Appellant's repeated probation violations.  **See Derry**, 150 A.3d at 993.

Further, we find no abuse of discretion in the trial court's decision to impose

a sentence of two to five years' imprisonment.  **See Serrano**, 727 A.2d at

1170.  Accordingly, there is no basis to disturb the trial court's sentence.  **See**

**Schutzues**, 54 A.3d at 98.

In the second issue, counsel asserts that there are no other non-

frivolous issues to be raised on appeal.  **Anders**/**Santiago** at 13.  Having

independently reviewed the record, we agree with counsel's conclusion and

discern no other non-frivolous issues that have been preserved for review.

**See Flowers**, 113 A.3d at 1250.

Judgment of sentence affirmed.  Petition to withdraw granted.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2019