J-S11041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES CUBBINS | : | |
| Appellant | : | No. 194 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 12, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003993-2013

BEFORE: STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                      **FILED: JULY 13, 2021**

Appellant, James Cubbins, appeals from the judgment of sentence of 10 to 22 years' incarceration followed by 5 years' probation and lifetime sex offender registration under the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.51-9799.75, that was imposed by the Court of Common Pleas of Allegheny County on resentencing for his convictions of rape, unlawful contact with a minor, and corruption of minors.[1]  For the reasons set forth below, we vacate in part and affirm in part.

This case arises out of Appellant's rape of a 15-year-old girl when she and her father were living in the same house as Appellant in the summer of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(a)(1), 6318(a)(1), 6301(a)(1)(i).

2012.  On March 28, 2014, Appellant was convicted by a jury of the above offenses.  Appellant was sentenced on June 24, 2014 by the Honorable Jill E. Rangos to a mandatory minimum sentence of 10 to 20 years in prison on the rape conviction, a consecutive term of 3 years' probation on the unlawful contact with a minor conviction, and no further penalty for the corruption of minors conviction.  N.T. Sentencing, 6/24/14, at 36; 6/24/14 Order of Sentence.  In addition, the trial court imposed lifetime sex offender registration on Appellant under the SORNA statute in effect at the time.[2] Appellant timely filed a direct appeal and this Court, on September 29, 2015, affirmed Appellant's judgment of sentence.  *Commonwealth v. Cubbins*, 133 A.3d 82 (Pa. Super. 2015) (table).   On June 1, 2016, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Cubbins*, 140 A.3d 11 (Pa. 2016).

On October 6, 2016, Appellant timely filed a PCRA petition in which he asserted claims of ineffective assistance of counsel with respect to both his conviction and counsel's failure to raise a challenge to the legality of the mandatory minimum sentence that was imposed.  On December 15, 2017, following a hearing, the trial court rejected Appellant's PCRA claims concerning

---

[2] SORNA was originally enacted on December 20, 2011, effective December 20, 2012.  Act of Dec. 20, 2011, P.L. 446, No. 111.  Between the time of Appellant's 2014 sentencing and his resentencing that is at issue in this appeal, SORNA was amended on February 21, 2018, effective immediately, and reenacted and amended on June 12, 2018, effective immediately.  Act of Feb. 21, 2018, P.L. 27, No. 10; Act of June 12, 2018, P.L. 140, No. 29.

his conviction, but granted relief on Appellant's claim that his mandatory minimum sentence was illegal. Trial Court Order, 12/15/17. Appellant timely appealed, and on April 15, 2019, this Court affirmed the denial of Appellant's PCRA claims concerning his conviction. **Commonwealth v. Cubbins**, 216 A.3d 387 (Pa. Super. 2019) (table). On October 24, 2019, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Cubbins**, 218 A.3d 1198 (Pa. 2019).

Following the Supreme Court's denial of his appeal, the same judge who had sentenced Appellant in 2014 and ruled on his PCRA petition, Judge Rangos, held a resentencing hearing on December 12, 2019. At this hearing, Judge Rangos sentenced Appellant to 6 to 12 years' imprisonment, five years' probation, and lifetime sex offender registration on the rape count, 4 to 10 years' imprisonment, five years' probation, and lifetime sex offender registration on the unlawful contact with minors count, and no further penalty on the corruption of minors count. N.T. Sentencing, 12/12/19, at 28-29; Corrected 12/12/19 Order of Sentence.[3] Judge Rangos ordered that the

---

[3] The Order of Sentence filed by the trial court on the day of the resentencing stated that Appellant was sentenced to 6 to 10 years on the rape count, not 6 to 12 years as the court had stated at the resentencing hearing. While this appeal was pending, the trial court noticed this error and requested that this Court remand the case so that it could correct the error. Trial Court Opinion, 11/25/20, at 4. On April 12, 2021, this Court remanded the case for the trial court to issue a corrected sentencing order or supplemental order confirming that the original sentencing order accurately reflected the trial court's intended sentence. On April 23, 2019, the trial court issued a corrected order of

prison sentences run consecutively and that the two probation terms run consecutive to all incarceration and concurrently with respect to each other, resulting in an aggregate sentence of 10 to 22 years' incarceration followed by 5 years' probation. N.T. Sentencing, 12/12/19, at 28-30; Corrected 12/12/19 Order of Sentence. Appellant filed a motion to reconsider this sentence. Following the trial court's January 7, 2020 denial of the motion to reconsider, Appellant timely appealed the new judgment of sentence.

In this appeal, Appellant presents the two questions for our review: 1) whether the December 12, 2019 sentence must be vacated on the ground that it is a vindictive sentence; and 2) whether the trial court's imposition of lifetime sex offender registration under SORNA violates the constitutional prohibition against *ex post facto* laws. Appellants' Brief at 4. We conclude that Appellant's first issue is meritorious and that his sentence of a maximum term of 22 years' imprisonment and 5 years' probation must be vacated, but that his second issue merits no relief.

A vindictive sentencing claim is a challenge to the discretionary aspects of sentence. ***Commonwealth v. Barnes***, 167 A.3d 110, 122 (Pa. Super. 2017) (*en banc*); ***Commonwealth v. Robinson***, 931 A.2d 15, 21-22 (Pa. Super. 2007) (*en banc*). A challenge to the discretionary aspects of sentence

---

sentence stating that the sentence of incarceration for the rape conviction was 6 to 12 years, as stated at the resentencing hearing.

may be considered only where the appellant has preserved the issue in the trial court at sentencing or by filing a motion to reconsider, the challenge to the sentence raises a substantial question that the sentence appealed from is not appropriate, and the appellant has included a concise statement in his brief demonstrating that there is a substantial question that the sentence appealed from is not appropriate. *Commonwealth v. Watson*, 228 A.3d 928, 935 (Pa. Super. 2020); *Barnes*, 167 A.3d at 122; Pa.R.A.P. 2119(f).

Appellant has satisfied all of these requirements. Appellant raised the fact that the new sentence is harsher than the original sentence of 10 to 20 years' imprisonment plus 3 years' probation at the resentencing hearing and also filed a timely motion for reconsideration of sentence that asserted that the sentence was a vindictive sentence. N.T. Sentencing, 12/12/19, at 28-30; Motion to Reconsider ¶¶5-6, 8-12. The law is clear that a claim that a new sentence is a vindictive sentence raises a substantial question for this Court's review. *Watson*, 228 A.3d at 936; *Barnes*, 167 A.3d at 123; *Commonwealth v. Tapp*, 997 A.2d 1201, 1203 (Pa. Super. 2010). Appellant also set forth in his brief, separate from and before the argument section, a concise statement acknowledging that his vindictive sentencing claim is a challenge to the discretionary aspects of sentencing and setting forth that a

vindictive sentencing claim presents a substantial question that this Court may review. Appellant's Brief at 9.[4]

Due process of law prohibits imposition of a harsher sentence on a defendant in retaliation for the defendant's successful challenge to his conviction or sentence. *Commonwealth v. Speight*, 854 A.2d 450, 455 (Pa. 2004); *Commonwealth v. Ali*, 197 A.3d 742, 761 (Pa. Super. 2018); *Barnes*, 167 A.3d at 123. To ensure that such retaliation does not occur, a presumption of vindictiveness arises where the same judge who originally sentenced the defendant resentences him to a harsher sentence after the original sentence is vacated. *Speight*, 854 A.2d at 455; *Watson*, 228 A.3d at 937; *Robinson*, 931 A.2d at 22. The presumption of vindictiveness is overcome where the record shows that the sentencing judge based the increased sentence on additional objective information that was not before the judge at the time of the first sentencing. *Watson*, 228 A.3d at 937; *Ali*, 197

_____

[4] While Appellant did not place this statement under the heading "Statement of Reasons for Allowance of Appeal" or "Rule 2119(f) Statement," his statement fully satisfies the purpose of Rule 2119(f), which is to inform the Court of why appellate review of the sentence is proper prior to consideration of the merits and to limit sentencing challenges to exceptional cases. *See*, *e.g*, *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*). Because Appellant complied with the substance of Rule 2119(f), his failure to use a separate label with one of those headings does not bar this Court from reviewing his vindictive sentence claim. *Commonwealth v. Pickering*, 533 A.2d 735, 737-38 (Pa. Super. 1987); *Commonwealth v. Darden*, 531 A.2d 1144, 1147 (Pa. Super. 1987); *Commonwealth v. Muller*, 528 A.2d 191, 193 & n.2 (Pa. Super. 1987). We therefore reject the Commonwealth's argument that Appellant has waived this issue.

A.3d at 762. Where, however, the record shows that the sentencing judge did not base the increased sentence on new information not before the court at the time of the original sentencing, the presumption of vindictiveness cannot be rebutted and the increased sentence must be vacated. **Watson**, 228 A.3d at 937-39; **Commonwealth v. Serrano**, 727 A.2d 1168, 1170 (Pa. Super. 1999).

Appellant was resentenced as a result of a successful challenge to his original aggregate sentence of 10 to 20 years' incarceration plus 3 years' probation. The new sentence was imposed by the same judge and was harsher, as it increased Appellant's maximum incarceration by 2 years and increased the length of Appellant's post-incarceration probation by 2 years.[5] The presumption of vindictiveness therefore applies here, and unless it is rebutted by evidence that the sentencing judge based those increases in Appellant's sentence on new information, Appellant's increased sentence cannot stand. **Watson**, 228 A.3d at 937-39; **Barnes**, 167 A.3d at 124; **Serrano**, 727 A.2d at 1170.

---

[5] The new consecutive minimum sentences of 6 years and 4 years, however, are not a harsher sentence than the single 10-year minimum in the original sentence. Where a court imposes an aggregate sentence of identical length on resentencing, the fact that the new sentence is composed of consecutive shorter sentences does not transform it into an increased sentence and the presumption of vindictiveness does not arise. **Commonwealth v. McHale**, 924 A.2d 664, 673 (Pa. Super. 2007), **overruled on other issue**, **Commonwealth v. Robinson**, 931 A.2d 15 (Pa. Super. 2007).

There was no new evidence at the resentencing hearing that could support an increase in Appellant's sentence. No new pre-sentence investigation was ordered and the only evidence at the hearing concerning Appellant's post-conviction conduct was evidence of Appellant's successful participation in prison programs, including alcohol and drug counseling, and that he had a good prison work record. N.T. Sentencing, 12/12/19, at 9-11, 32-34. The Commonwealth did not contend that any increase in Appellant's sentence was warranted and sought an aggregate sentence of the same length as Appellant's original sentence, 10 to 20 years' incarceration followed by 3 years' probation. *Id.* at 20-21, 23-24.

The trial court in its opinion did not offer any explanation for the increase in Appellant's maximum prison sentence and length of probation. Instead, the court only noted that its December 12, 2019 written sentencing order was inconsistent with the sentenced imposed at the resentencing hearing and requested that this Court remand to permit it to correct the written sentencing order. Trial Court Opinion, 11/25/20, at 4. At the resentencing hearing, the trial judge stated that she based Appellant's aggregate sentence of 10 to 22 years' incarceration followed by 5 years' probation on two facts, Appellant's failure to accept responsibility for his crime and his history of alcohol abuse. N.T. Sentencing, 12/12/19, at 24-31. Both of these facts were before the court at the time of Appellant's first sentencing when the same judge imposed the less harsh aggregate sentence of 10 to 20 years' incarceration plus 3

years. N.T. Sentencing, 6/24/14, at 18-21, 30-33. Indeed, the judge stated at the resentencing that she saw no change in Appellant and that "the original sentence is an appropriate one." N.T. Sentencing, 12/12/19, at 25, 27. Because the record shows the trial court did not base Appellant's increased sentence on information not before it at the time of the original sentencing, the presumption of vindictiveness is not rebutted and Appellant's new sentence of incarceration and probation must be vacated. **Watson**, 228 A.3d at 937-39; **Serrano**, 727 A.2d at 1170.

Appellant's challenge to the trial court's imposition of lifetime sex offender registration, however, is without merit. Appellant bases this argument on our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), which held that the registration requirements imposed by the 2012 SORNA statute constituted punishment and that the *ex post facto* clauses of the United States and Pennsylvania Constitutions therefore prohibited their application to defendants who committed their crimes before SORNA came into effect on December 20, 2012. Appellant argues that because his crime was committed prior to December 20, 2012 SORNA's lifetime registration cannot be constitutionally imposed on him.

In 2018, however, prior to Appellant's 2019 resentencing, SORNA was amended. **See** Act of Feb. 21, 2018, P.L. 27, No. 10, effective Feb. 21, 2018. This amendment split SORNA, which was previously designated in the Sentencing Code as Subchapter H, into two subchapters, Revised Subchapter

H, which applies to crimes committed on or after December 20, 2012, and new Subchapter I, which applies to crimes committed after April 22, 1996, but before December 20, 2012. Among other changes, Subchapter I significantly reduced the in-person reporting requirements that SORNA had previously imposed on individuals whose crimes pre-dated its enactment. 42 Pa.C.S. §§ 9799.56(a)(2), 9799.60(b); *Commonwealth v. Lacombe*, 234 A.3d 602, 619 (Pa. 2020).

At Appellant's resentencing, the trial court imposed the Subchapter I SORNA registration requirements, not the original SORNA requirements at issue in *Muniz*. N.T. Sentencing, 12/12/19, at 3-5. Our Supreme Court has held that the Subchapter I SORNA registration requirements do not constitute punishment and that their retroactive application to pre-December 20, 2012 offenders does not violate the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *Lacombe*, 234 A.3d at 626-27. Appellant's challenge to his lifetime sex offender registration therefore fails.

For the foregoing reasons, we vacate Appellant's sentence of incarceration and probation, but affirm the trial court's imposition of lifetime registration under SORNA and remand this case to the trial court for resentencing in accordance with this Memorandum.

Judgment of sentence vacated in part and affirmed in part. Case is remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/13/2021